STATE OF CONNECTICUT *v.* JOSEPH M. KUNG
(AC 17841)

O'Connell, C. J., and Hennessy and Stoughton, Js.

Argued January 19—officially released March 2, 1999

*Joseph M. Kung*, pro se, the appellant (defendant).

*Michael E. O'Hare*, assistant state's attorney, with whom, on the brief, were *Eugene J. Callahan*, state's attorney, *Matthew Coulotte*, assistant state's attorney,

and *Robert Hickey,* certified legal intern, for the appellee (state).

PER CURIAM. The defendant appeals, following a trial to the court, from the judgment of conviction of speeding in violation of General Statutes § 14-219. The defendant raises one claim of law and several claims of fact, which he contends were improperly determined by the trial court. We affirm the judgment of the trial court.

The defendant claims that the trial court improperly shifted the burden of proof to require him to prove that he was not guilty of the offense. The record discloses that a state trooper testified that the defendant was operating a motor vehicle at seventy-four miles per hour in a posted fifty-five miles per hour zone. Although the defendant testified on his own behalf, his testimony did not include the speed at which he was traveling.

At the close of evidence, the trial court found the defendant guilty of speeding. The trial court also stated that "[t]here was absolutely no evidence of [the defendant's] not speeding." On the basis of this statement, the defendant contends that there was an improper shifting of the burden of proof. We do not agree.

The due process clauses of the federal and state constitutions require the prosecution to prove every element of an offense beyond a reasonable doubt in order to secure a conviction. *In re Winship,* 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970); *State* v. *Williams,* 202 Conn. 349, 363, 521 A.2d 150 (1987). After a careful review of the record, briefs and oral arguments, it is clear that the defendant was not deprived of that constitutional right. The trial court's comment was addressed to the weight of the evidence and not to the allocation of the burden of proof. It was an observation that there was no evidence contradicting the

trooper's testimony concerning the defendant's speed. Accordingly, we conclude that the trial court did not unconstitutionally shift the burden of proof to the defendant.

The defendant's remaining claims all raise issues of fact. It is axiomatic that "[a] reviewing authority may not substitute its findings for those of the trier of the facts." *Wilcox Trucking, Inc.* v. *Mansour Builders, Inc.*, 20 Conn. App. 420, 423, 567 A.2d 1250 (1989), cert. denied, 214 Conn. 804, 573 A.2d 318 (1990). Our function on review of factual issues is to determine whether the judgment of the trial court was clearly erroneous. *Natural Harmony* v. *Normand*, 211 Conn. 145, 150, 558 A.2d 231 (1989). We conclude that it was not.[1]

The judgment is affirmed.

---

[1] We note that the defendant appears pro se. It is the policy of this court "to allow great latitude to a litigant who, either by choice or necessity, represents himself in legal proceedings, so far as such latitude is consistent with the just rights of any adverse party . . . ." *Bitonti* v. *Tucker*, 162 Conn. 626, 627, 295 A.2d 545, cert. denied, 409 U.S. 851, 93 S. Ct. 62, 34 L. Ed. 2d 94 (1972). This is because "[a] party who, unskilled in such matters, seeks to remedy some claimed wrong by invoking processes which are at best technical and complicated, is very ill advised and assumes a most difficult task." *O'Connor* v. *Solomon*, 103 Conn. 744, 745, 131 A. 736 (1926). Nonetheless, while the court exhibits some degree of leniency toward a pro se appellant, it cannot entirely disregard established principles of law.