GERARD WEINBERG *v.* BELLA H. WEINBERG
(AC 25752)

Lavery, C. J., and DiPentima and Gruendel, Js.

Argued March 24—officially released June 14, 2005

*Bella H. Weinberg*, pro se, the appellant (defendant).

*Arnold H. Rutkin*, with whom, on the brief, was *Kathleen Hogan*, for the appellee (plaintiff).

*Opinion*

GRUENDEL, J. The defendant, Bella H. Weinberg, appeals from the judgment of the trial court dissolving her marriage to the plaintiff, Gerard Weinberg. On appeal, the defendant claims that the court improperly (1) denied her oral request for conciliation hearings before rendering the judgment of dissolution, (2) refused to admit into evidence notes of the rabbinical court, which she asserts would have demonstrated a basis for annulling the marriage, (3) managed the trial and (4) rendered judgment before the New York court in which she was seeking an annulment resolved the parties' financial issues. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our analysis of the issues on appeal. The parties were married on June 29, 1970, and lived in New York throughout most of their marriage. At the time the plaintiff commenced this action for dissolution in Connecticut in July, 2003, he had established residence in this state, while the defendant continued to reside in New York. In his amended complaint, the plaintiff did not seek any relief other than a dissolution of the marriage. When the case was tried in August, 2004, the plaintiff had resided in Connecticut for more than twelve months. The parties' daughter reached the age of eighteen before the trial commenced.

After the plaintiff commenced the Connecticut action, the defendant brought an action in New York City, seeking to annul the marriage and for financial orders. She also filed an appearance and an answer in the Connecticut case. In her answer, she denied that

the marriage had broken down irretrievably and asked that the claim for dissolution of the marriage be denied, that the New York action be allowed to proceed and for such other relief as is just and proper. She was represented by counsel in Connecticut until the date of the trial, when the court, with the defendant's knowing consent, permitted her attorney to withdraw his appearance. While the case was pending, the parties entered into a stipulated order in the New York court in which the defendant agreed, inter alia, to cooperate in the Connecticut divorce proceedings. In addition, prior to the trial in this matter, the parties obtained a get[1] in a rabbinical court. The certificate issued by that court states: "This is to certify that Bella Weinberg, nee Hass, *was divorced* from her husband, Gerard, on 18 Sivah 5764, corresponding to June 7, 2004, according to the laws of Moses and Israel." (Emphasis added.) Additional facts will be set forth as required.

## I

We first consider the defendant's principal claim on appeal, that the court improperly denied, prior to dissolving the marriage, her oral request for an order that the parties submit to a conciliation proceeding pursuant to General Statutes § 46b-10.[2] In August, 2003, the defendant filed a written motion for conciliation pursuant to General Statutes § 46b-53.[3] Although the motion was

---

[1] A get is defined as "[a] rabbinical divorce; a Jewish divorce." Black's Law Dictionary (9th Ed. 2004).

[2] General Statutes § 46b-10 provides in relevant part: "In any action for dissolution of marriage, legal separation or annulment, at any time before final judgment any judge may require that either or both parties appear before any judge, referee or other disinterested person for the purpose of attempting a reconciliation or adjustment of differences between the parties. . . ."

[3] General Statutes § 46b-53 provides in relevant part: "(a) On or after the return day of a complaint seeking the dissolution of a marriage or a legal separation and prior to the expiration of the ninety-day period specified in section 46b-67 either spouse or the counsel for any minor children of the marriage may submit a request for conciliation to the clerk of the court. The clerk shall forthwith enter an order that the parties meet with a conciliator

granted, the plaintiff refused to participate in the conciliation sessions set up by the defendant and did not arrange any sessions through his efforts. The defendant did not move for orders of compliance to compel the plaintiff's participation. On the date set for trial, however, she made an oral motion for conciliation pursuant to § 46b-10. The court deferred a ruling on the motion until the parties had testified. The court then denied the motion for conciliation, noting that it was satisfied that the marriage was over and that no useful purpose would be served by forcing the parties to participate in conciliation.

We first articulate our standard of review. "The well settled standard of review in domestic relations cases is that this court will not disturb trial court orders unless the trial court has abused its legal discretion or its findings have no reasonable basis in the facts. . . . In determining whether there has been an abuse of discretion, the ultimate issue is whether the court could reasonably conclude as it did." (Citations omitted; internal quotation marks omitted.) *Hayward* v. *Hayward*, 53 Conn. App. 1, 7–8, 752 A.2d 1087 (1999).

The court did not abuse its discretion by denying the defendant's oral motion for conciliation. The statute under which the defendant sought conciliation does not mandate that the court order conciliation on request. Rather, it provides that a court *may* order conciliation. General Statutes § 46b-10. The court heard ample testimony from the plaintiff that the marriage had broken down irretrievably, and the court was, therefore, within its discretion to find that the marriage had broken down irretrievably.

mutually acceptable to them or, if the parties cannot agree as to a conciliator, with a conciliator named by the court. . . . (b) . . . Failure of the plaintiff or defendant to attend these consultations except for good cause shall preclude further action on the complaint until the expiration of six months from the date of the return day . . . ."

Moreover, the defendant's request for conciliation was not made for the purpose of effecting a conciliation. In defining the word "pacify," Webster's Ninth New Collegiate Dictionary (1986) states: "Conciliate suggests ending an estrangement by persuasion, concession, or settling of differences." The defendant stated clearly to the court that she was not attempting to settle any differences with her husband, but was seeking instead conciliation meetings "for the purpose of closure and respect and psychological evaluation." When asked by the court what would be accomplished by the conciliation meetings, the defendant replied, "improving my psychological state by getting an explanation from an expert, which might make me feel vindicated."

Although it is incumbent on a court hearing matrimonial cases to recognize the difficult and sometimes fragile emotional states that parties to those matters often experience, a court has neither the skill nor the charge to function as a social service agency. Moreover, the court is not required to force litigants to engage in conciliation processes that it finds would be futile. Accordingly, the defendant's claim fails.

II

The defendant next claims that the court improperly refused to admit into evidence notes of the rabbinical court, which she asserts demonstrate that the rabbinical court found a basis for annulling the marriage.[4] The notes at issue were not marked as an exhibit for identification, the trial court did not give a reason for its decision not to mark the proffered notes, and the defendant did not ask for an explanation either during the trial

---

[4] Although the defendant contends in her statement of issues to this court that the trial court violated her right to due process by refusing to admit the rabbinical court's notes, she has briefed her claim under the abuse of discretion standard of review. Because the defendant has failed to conduct an independent constitutional analysis of the claim, we review it only for abuse of discretion.

or by way of a motion for articulation. The defendant has included in the appendix to her brief that which she purports to be the notes in question.

The "failure to mark an exhibit for identification ordinarily precludes appellate review of its exclusion . . . ." (Citation omitted.) *Cousins* v. *Nelson*, 87 Conn. App. 611, 615 n.2, 866 A.2d 620 (2005). Exceptions have been made when there exists an adequate substitute in the record for the unmarked exhibit. See *Plawecki* v. *Tomasso, Inc.,* 1 Conn. App. 48, 49–50 n.3, 467 A.2d 944 (1983), cert. denied, 192 Conn. 801, 470 A.2d 1218 (1984). In this case, there does not appear to be an adequate substitute in the record for the notes that are found in the defendant's brief.

We note that the defendant appears pro se. "It is the policy of this court to allow great latitude to a litigant who, either by choice or necessity, represents himself in legal proceedings, so far as such latitude is consistent with the just rights of any adverse party. . . . This is because [a] party who, unskilled in such matters, seeks to remedy some claimed wrong by invoking processes which are at best technical and complicated, is very ill advised and assumes a most difficult task. . . . Nonetheless, while the court exhibits some degree of leniency toward a pro se appellant, it cannot entirely disregard established principles of law." (Citations omitted; internal quotation marks omitted.) *State* v. *Kung,* 52 Conn. App. 121, 123 n.1, 726 A.2d 130 (1999). Without an adequate substitute in the record, we must therefore decline to review the notes that appear in the defendant's brief.

Despite our decision not to review them, however, we note that even though the court should have marked them for identification when offered by the defendant; see *Kraus* v. *Newton,* 211 Conn. 191, 194–95, 558 A.2d 240 (1989); the court's failure to do so was harmless.

First, whatever the notes might contain is hearsay. Second, assuming they support the defendant's contention that the rabbinical court found a basis for an annulment, they constitute inadmissible opinion evidence. Finally, regardless of what the notes might state, the court had ample evidence before it to resolve the simple issue with which it was presented, which was whether the parties' marriage had irretrievably broken down. As such, even if the court had marked the proffered notes for identification, the court would have been well within its discretion not to admit them into evidence. Accordingly, the defendant's claim fails.

### III

The defendant next claims that the court improperly managed the trial.[5] She argues that the trial judge did so by expressing at the opening of the day's proceedings that he was experiencing jet lag and wanted to go home early, by interrupting her questioning of the plaintiff and by being impatient in violation of canon 3 (a) (3) of the Code of Judicial Conduct.

"[T]rial courts have the authority to manage cases before [them] as necessary. . . . Deference is afforded to the trial court in making case management decisions because it is in a much better position to determine the effect that a particular procedure will have on both parties. . . . The case management authority is an inherent power necessarily vested in trial courts to manage their own affairs in order to achieve the expeditious disposition of cases. . . . The ability of trial judges to manage cases is essential to judicial economy and justice. . . .

---

[5] Although the defendant contends in her statement of issues to this court that the trial court's management of the trial implicates constitutional guarantees of due process, she has framed her claim under the abuse of discretion standard of review. Because the defendant has failed to conduct an independent constitutional analysis of the claim, we review it only for abuse of discretion.

"We will not disturb a trial court's decision regarding case management unless after carefully examining the factual circumstances of the case, we determine that there was an abuse of discretion. . . . Abuse is not present if discretion is not exercised arbitrarily or wilfully, but with regard to what is right and equitable under the circumstances and the law, and [it is] directed by the reason and conscience of the judge to a just result." (Citation omitted; internal quotation marks omitted.) *State* v. *Colon*, 272 Conn. 106, 256–57, 864 A.2d 666 (2004).

We have reviewed the entire record, including the transcript of the hearing. The defendant's claims are without merit. Nothing in the record suggests that the court abused its discretion or that it was anything but appropriate in its management of the trial.

IV

Finally, the defendant claims that the court improperly declined to defer issuing the decree of dissolution until the New York court had resolved the financial issues she raised there as part of her action for annulment of the marriage. In support of her claim, she argues that General Statutes §§ 46b-81 and 46b-82, the latter of which was amended by No. 03-202, § 23, of the 2003 Public Acts, imply that a court cannot issue a decree of dissolution before financial matters are decided.

The defendant's claim is without merit. First, the defendant did not raise her claim before the trial court, nor did she request a continuance on that basis. Therefore, she failed to preserve her claim for review. Second, putting aside those shortcomings, we note that even when claims for financial orders are pending in another state, § 46b-81 and Public Acts 2003, No. 03-202, § 23, do not prohibit a Connecticut trial court from entering a decree dissolving a marriage without the entry of

financial orders when neither party has requested financial orders in that court.

The judgment is affirmed.

In this opinion the other judges concurred.