# TOWN OF TRUMBULL *v.* LINDA A. PALMER, EXECUTRIX (ESTATE OF MICHAEL A. KNOPICK), ET AL.
## (AC 26988)

DiPentima, McLachlan and Lavine, Js.

Argued September 7—officially released November 20, 2007

*Helene B. Knopick*, pro se, the appellant (defendant).

*Robert G. Golger*, for the appellee (plaintiff).

*Opinion*

DiPENTIMA, J. In this municipal tax lien foreclosure action, the pro se defendant, Helene B. Knopick,[1] appeals from the judgment of the trial court foreclosing her interest in a parcel of real estate. On appeal, the

---

[1] The complaint named several additional defendants, none of whom is a party to this appeal. We therefore refer in this opinion to Knopick as the defendant.

defendant claims that the court (1) made improper factual findings that (a) went beyond the scope of the pleadings, (b) were not supported by the evidence and (c) conflicted with provisions of the General Statutes that provide for the taxation of real property, (2) improperly calculated the amount of the debt at the time of rendering judgment, (3) improperly denied her request to open the judgment and (4) improperly denied her request to continue the trial. We affirm the judgment of the trial court.

The following facts and procedural history inform our disposition of the defendant's appeal. On May 27, 1989, Michael A. Knopick (decedent) executed his last will and testament, leaving to his wife, the defendant, all of his interest in their residence located at 29 Haverhill Road in Trumbull (property). The decedent died on June 20, 1989. The Probate Court admitted the decedent's will to probate on January 19, 1990, and appointed the defendant's daughter, Linda A. Palmer, executrix in accordance with the terms of the will. Thereafter, it appears that the Probate Court never issued, and Palmer never filed in the land records, a certificate of devise or other decree evidencing the defendant's absolute title to the property. Consequently, the owners of record, as reflected in the land records, remained in the names of the decedent and the defendant.

On October 1, 1990, and annually thereafter through October 1, 2000, the plaintiff, the town of Trumbull, assessed and levied a tax on the property and billed the owners of record, the decedent and the defendant. No part of the taxes assessed during that time period were paid when they came due. Accordingly, the plaintiff filed certificates of lien in the land records for each delinquent tax.

On August 21, 2002, the plaintiff served a complaint on the defendant, seeking to foreclose eleven municipal

tax liens against the property. The defendant filed an answer and counterclaim on March 15, 2004. After the trial court ordered the defendant to revise her counterclaim on June 8, 2004, the plaintiff, on November 2, 2004, filed a motion for nonsuit against the defendant for failing to revise her counterclaim. The court granted the plaintiff's motion, and notice of the nonsuit was issued on January 10, 2005. Subsequently, on April 22, 2005, the defendant filed a motion to open the nonsuit, which the court denied on September 7, 2005.

Following a hearing on September 13, 2005, the court rendered judgment of foreclosure by sale with a sale date of November 12, 2005. The court found the amount of debt to be $110,479.74 and the value of the residence to be $365,000. Notice of the judgment was issued on September 27, 2005. Additional facts will be set forth as necessary.

I

The defendant first claims that the court improperly found her to be the sole owner of the property and, therefore, solely liable for the entire tax deficiency owed to the plaintiff. Specifically, the defendant argues that the court's finding was improper because (1) the plaintiff alleged in its complaint that the defendant shared ownership of the property with her husband's estate, creating an irrefutable judicial admission that the defendant was not the sole owner, (2) the court's finding was not supported by sufficient evidence produced at the hearing and (3) the court's finding, even if supported by sufficient evidence, was not consistent with the statutory scheme of municipal taxation. The essence of the defendant's claim is that she should not be solely liable for the full amount of the delinquent taxes levied against the property during the period in question because the land records continued to reflect that her deceased husband shared an interest in the

property. We are not persuaded by the defendant's arguments.

## A

The defendant first contends that, by finding her to be the sole owner of the property, the court materially departed from the plaintiff's judicial admission that she shared ownership with the decedent's estate. We disagree.

"It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of [its] complaint. . . . The purpose of the complaint is to limit the issues to be decided at the trial of a case and is calculated to prevent surprise. . . .

"[T]he interpretation of pleadings is always a question of law for the court . . . . Our review of the trial court's interpretation of the pleadings therefore is plenary. . . . [T]he modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically. . . . [T]he complaint must be read in its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded, and do substantial justice between the parties. . . . As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, we will not conclude that the complaint is insufficient to allow recovery." (Citations omitted; internal quotation marks omitted.) *Suffield Development Associates Ltd. Partnership* v. *National Loan Investors, L.P.*, 97 Conn. App. 541, 562, 905 A.2d 1214, cert. denied, 280 Conn. 942, 943, 912 A.2d 479 (2006).

"Factual allegations contained in pleadings upon which the cause is tried are considered judicial admissions and hence irrefutable as long as they remain in

the case. . . . A judicial admission dispenses with the production of evidence by the opposing party as to the fact admitted, and is conclusive upon the party making it." (Internal quotation marks omitted.) *Lorthe* v. *Commissioner of Correction*, 103 Conn. App. 662, 670–71, 931 A.2d 348 (2007).

With respect to foreclosures of tax liens, Practice Book § 10-70 (a) (1) provides: "In any action to foreclose a municipal tax or assessment lien the plaintiff need only allege and prove: (1) the ownership of the liened premises on the date when the same went into the tax list, or when said assessment was made." In its complaint seeking a foreclosure of its tax liens, the plaintiff alleged that "[o]n or about [the dates of assessment], [t]he Estate of Michael A. Knopick and [the defendant] were the record owners of [29 Haverhill Road in Trumbull]."

Despite the plaintiff's allegation, an estate cannot hold title to property and cannot participate in a foreclosure action against the property. See *Isaac* v. *Mount Sinai Hospital*, 3 Conn. App. 598, 600, 490 A.2d 1024 (estate not legal entity, natural or artificial person but merely name to indicate sum total of assets and liabilities of decedent), cert. denied, 196 Conn. 807, 494 A.2d 904 (1985). By naming the estate as co-owner, however, the plaintiff essentially alleged that the estate's beneficiaries co-owned the property with the defendant, but the identity of those beneficiaries was unknown to the plaintiff at the time of pleading.[2] Thus, the complaint provided sufficient notice that the issues before the court included the identity of the estate's beneficiaries, the extent of their interests in the property and the amount of the delinquent taxes attributable to them.

[2] See *Cardillo* v. *Cardillo*, 27 Conn. App. 208, 212, 605 A.2d 576 (1992) ("[i]t is fundamental jurisprudence that title to real estate vests immediately at death in a deceased's heirs, or in devisees upon the admission of the will to probate").

Any evidence that the decedent devised his entire interest in the property to the defendant fell within the scope of the plaintiff's complaint.[3] Further, the defendant suffered no prejudice from the court's finding because a sale, upon approval by the court, forecloses *any* interest in the property that she may later assert, regardless of the extent of that interest or the means by which she obtained it.[4] Accordingly, we conclude that the court did not act contrary to or materially depart from the allegations in the plaintiff's complaint by finding the defendant to be the sole owner of the property by virtue of devise.

B

The defendant next argues that the court's finding was clearly erroneous because the plaintiff offered insufficient evidence to prove that the defendant alone held title to the property. In support of her claim, the

[3] In other words, the plaintiff's complaint essentially alleged that the defendant shared ownership of the residence with herself, as devisee. The plaintiff offered the decedent's will and the decree admitting the will to probate to prove exactly what it alleged.

[4] We note that on June 23, 2003, the plaintiff withdrew its foreclosure action with respect to the estate, and on July 15, 2003, the court denied the plaintiff's motion to cite in Palmer, in her capacity as executrix of the estate, as an additional party defendant. The plaintiff did not amend its complaint to allege that the defendant was the sole owner of the property. The defendant argues that the court improperly found her to be the sole owner of the property in light of the fact that the complaint alleged ownership of someone who was not a party to the foreclosure action.

"[T]he legislature enacted [General Statutes] § 49-30 . . . to address the omission of a party from a foreclosure action. The statute first provides that, when there has been a foreclosure and a party with an interest has been omitted from that proceeding, for any reason, all parties who *were* foreclosed by the judgment are bound as fully as if no omission had occurred and do not retain any equity or right to redeem." (Emphasis in original.) *Mortgage Electronic Registration Systems, Inc.* v. *White*, 278 Conn. 219, 233, 896 A.2d 797 (2006).

Thus, the issues before the court remained the same. The plaintiff continued to pursue its foreclosure action with respect to the defendant, while the interests of any beneficiaries who were not otherwise named in the complaint were no longer in jeopardy.

defendant contends that the decedent's will and the decree from the Probate Court admitting the will to probate could not establish her ownership of the property without a certificate of devise from the Probate Court and without a more specific description of the property devised in the will. We disagree.

The following additional facts are pertinent to the defendant's claim. At trial, the plaintiff introduced eleven certificates of lien and a sworn affidavit, all of which identified the decedent and the defendant as the record owners of the property on each assessment date at issue. In addition, the plaintiff introduced a certified copy of a decree from the Probate Court of Trumbull, dated January 18, 1990, that the decedent died on June 20, 1989, and that his last will and testament, dated May 27, 1989, was admitted to probate. Finally, the plaintiff introduced a certified copy of the decedent's will, which conveyed his entire estate to the defendant.

We begin by setting forth the standard of review applicable to claims of insufficient evidence. "An appeal based on the sufficiency of evidence to support a factual finding carries a legal and practical restriction to review. The function of an appellate court is to review, and not to retry, the proceedings of the trial court. . . . Further, we are authorized to reverse or modify the decision of the trial court only if we determine that the factual findings are clearly erroneous in view of the evidence and pleadings in the whole record, or that its decision is otherwise erroneous in law." (Internal quotation marks omitted.) *Anderson* v. *Whitten*, 100 Conn. App. 730, 739, 918 A.2d 1056 (2007). "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed . . . ." (Internal quotation marks omitted.) *Rudder* v. *Mamanasco*

*Lake Park Assn., Inc.*, 93 Conn. App. 759, 779, 890 A.2d 645 (2006).

On the basis of the evidence before it, the court reasonably could have found that the defendant acquired the decedent's title to the property. The certificates of lien showed that the decedent and the defendant shared title to the property until the decedent's death on June 20, 1989. Through his will, the decedent devised his entire interest in the property to the defendant. Title to the decedent's share of the property subsequently vested in the defendant on January 18, 1990, when the decedent's will was admitted to probate. See *Cardillo* v. *Cardillo*, 27 Conn. App. 208, 212, 605 A.2d 576 (1992).

We are not persuaded by the defendant's argument that additional evidence in the form of a certificate of devise is necessary to prove that title was transferred from the decedent to the defendant. That argument directly contradicts the holding of *Cardillo* v. *Cardillo*, supra, 27 Conn. App. 212, in which we concluded that "[t]he recording of a probate certificate of devise or descent is necessary only to perfect marketable title. . . . Such a probate certificate is not a muniment of title, however, but merely a guide or pointer for clarification of the record." Accordingly, we conclude that the court's finding that the defendant was the sole owner of the property on each of the dates when the taxes at issue were assessed is not clearly erroneous.

C

The defendant next claims that, even if there was sufficient evidence before the court to find her the sole owner of the property during the relevant time period, the court improperly found her liable for the entire amount of the delinquent taxes in conflict with Connecticut's statutory scheme for taxation. Specifically, the defendant claims that regardless of whether she was the sole owner of the property for the tax years in

question, if a portion of the taxes are erroneously assessed to a cotenant, she is not liable for that portion of the taxes erroneously assessed. We find no merit in the defendant's argument.

"Issues of statutory construction raise questions of law, over which we exercise plenary review. . . . The process of statutory interpretation involves the determination of the meaning of the statutory language as applied to the facts of the case, including the question of whether the language does so apply. . . . When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature." (Internal quotation marks omitted.) *Pritchard* v. *Pritchard*, 103 Conn. App. 276, 283, 928 A.2d 566 (2007). "[T]he legislature is always presumed to have created a harmonious and consistent body of law . . . . This requires the court to read statutes together when they relate to the same subject matter . . . . Accordingly, [i]n determining the meaning of a statute . . . we look not only at the provision at issue, but also to the broader statutory scheme to ensure the coherency of our construction. . . . In applying these principles, we are mindful that the legislature is presumed to have intended a just and rational result. . . . When more than one construction [of a statute] is possible, we adopt the one that renders the enactment effective and workable and reject any that might lead to unreasonable or bizarre results." (Citations omitted; internal quotation marks omitted.) *Southern New England Telephone Co.* v. *Cashman*, 283 Conn. 644, 652–53, 931 A.2d 142 (2007).

First, to the extent that the defendant's claim challenges the validity of the lien or the underlying assessment, levy and attempt to collect the tax, the defendant's claim is not preserved. Practice Book § 10-70 (b) provides in relevant part: "Any claimed informality, irregularity or invalidity in the assessment or

attempted collection of the tax, or in the lien filed, shall be a matter of affirmative defense to be alleged and proved by the defendant." No such affirmative defenses were before the court. Accordingly, the defendant may not pursue such a claim on appeal.[5] *Willow Springs Condominium Assn., Inc.* v. *Seventh BRT Development Corp.*, 245 Conn. 1, 33, 717 A.2d 77 (1998) ("[w]e ordinarily do not address issues that have not been properly raised before the trial court").

We also find no support in the language of the General Statutes for the defendant's claim that, regardless of who holds title to the property, the plaintiff's recovery from her is limited by the fact that the assessment, tax bill and certificate of lien identify another individual as co-owner of record. The relevant statutes read as follows. "Any interest in real estate shall be set by the assessors in the list of the person in whose name the title to such interest stands on the land records. . . ." General Statutes § 12-64 (a). "Upon completion . . . of the final assessment list, the town shall levy a tax on such list . . . ." General Statutes § 12-122. "All taxes properly assessed shall become a debt due from the person, persons or corporation against whom they are respectively assessed . . . ." General Statutes § 12-161. "Each collector shall mail or hand to each individual from whom taxes are due a bill for the amount of taxes

---

[5] We note that the defendant appears pro se. "It is the policy of this court to allow great latitude to a litigant who, either by choice or necessity, represents himself in legal proceedings, so far as such latitude is consistent with the just rights of any adverse party. . . . This is because [a] party who, unskilled in such matters, seeks to remedy some claimed wrong by invoking processes which are at best technical and complicated, is very ill advised and assumes a most difficult task. . . . Nonetheless, while the court exhibits some degree of leniency toward a pro se appellant, it cannot entirely disregard established principles of law." (Internal quotation marks omitted.) *Weinberg* v. *Weinberg*, 89 Conn. App. 649, 655, 874 A.2d 321 (2005). It would be unduly prejudicial to the plaintiff in this case to allow the defendant to raise on appeal defenses that were not before the trial court.

for which such individual is liable . . . ." General Statutes § 12-130 (a). "The interest of each person in each item of real estate, which has been legally set in his assessment list, shall be subject to a lien for that part of his taxes laid upon the valuation of such interest . . . ." General Statutes § 12-172.

Under the defendant's construction of these statutes, taxes on real estate interests are a debt owed from the person in whose name the title to such interest stands on the land records, not from the person who holds title to the property if the land records do not identify the actual titleholder. In other words, she claims that she is not liable to pay taxes on the property until the land records properly reflect her interest in the property. This interpretation conflicts with both legislative intent and our case law. See General Statutes § 1-2z. Our legislature has expressed a clear preference for recording real property conveyances. See General Statutes §§ 12-68 and 47-10. Under the defendant's interpretation, grantees of property would be disinclined to record their property interests in order to avoid tax liability. Moreover, this court has previously held that "owners are bound to take notice of the property they own and pay the taxes thereon and defend against foreclosure for delinquent taxes, even though the property is assessed to unknown persons or to other persons." (Internal quotation marks omitted.) *Berger* v. *Fitzgerald*, 55 Conn. App. 138, 146, 739 A.2d 287, cert. denied, 251 Conn. 922, 742 A.2d 358 (1999). Accordingly, taxes assessed on real property interests become a debt due from the person who holds title to the interest taxed, regardless of whether that interest is recorded in the land records. We conclude that the court properly admitted evidence that the land records failed to capture a conveyance to the defendant from the decedent, and there was sufficient evidence that the defendant

was liable to the plaintiff for that portion of the tax liability assessed in the name of her husband.

## II

The defendant next claims that the court improperly calculated the debt in an amount in excess of the amounts stated in the certificates of lien and certain amounts that were time barred and improperly awarded certain attorney's fees.[6] At trial, the plaintiff introduced evidence that the defendant's total liability included taxes, interest and fees in the amount of $110,479.74. The defendant did not object to the introduction of this evidence and offered no evidence of her own to rebut those amounts. We have thoroughly reviewed the record in this case and find adequate support for the court's calculation of the debt.[7] See *Rudder* v. *Mamanasco Lake Park Assn., Inc.*, supra, 93 Conn. App. 779.

## III

The defendant claims that the court improperly denied her motion to open the nonsuit on September 7, 2005. We are not persuaded.

---

[6] On the basis of the limited record before us, and in light of the defendant's failure to seek an articulation, the record is inadequate for review of the defendant's claim that certain attorney's fees should not have been awarded. See *Cianbro Corp.* v. *National Eastern Corp.*, 102 Conn. App. 61, 71–72, 924 A.2d 160 (2007). Accordingly, we decline to review that aspect of the defendant's claim.

[7] To the extent that the defendant now challenges the admissibility of the plaintiff's evidence, Practice Book § 60-5 provides in relevant part: "[This] court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. . . ." "In order to preserve an evidentiary ruling for review, trial counsel must object properly. . . . Our rules of practice make it clear that counsel must object to a ruling of evidence [and] state the grounds upon which objection is made . . . to preserve the grounds for appeal. . . . These requirements are not simply formalities. . . . We consistently have stated that we will not consider evidentiary rulings where counsel did not properly preserve a claim of error by objection . . . ." (Internal quotation marks omitted.) *State* v. *Swain*, 101 Conn. App. 253, 270, 921 A.2d 712, cert. denied, 283 Conn. 909, 928 A.2d 539 (2007). Accordingly, we decline to review the defendant's claim because she failed to preserve it at trial.

The following procedural history provides the backdrop to the defendant's claim. On October 7, 2002, all of the defendants were defaulted for failure to appear. On May 29, 2003, the defendant filed an appearance, setting aside the default against her.[8] After a series of delays caused by the defendant's failure to file timely pleadings, the defendant filed her answer and counterclaim on March 15, 2004.

On April 19, 2004, the plaintiff filed a request that the defendant revise her counterclaim. On June 8, 2004, over the defendant's objection, the court ordered the defendant to revise her counterclaim by July 12, 2004. On July 14, 2004, and again on August 2, 2004, the defendant filed motions for an extension of time to file her revised counterclaim. On October 15, 2004, nearly six months after the plaintiff filed its request, the court set a final deadline of November 1, 2004, for the defendant to revise her counterclaim. Once again the defendant failed to revise her counterclaim by the deadline, and the plaintiff filed a motion for a nonsuit, which the court granted on December 20, 2004. Notice of the nonsuit was issued on January 10, 2005. On April 22, 2005, the defendant filed a motion to open the nonsuit and a request to amend her counterclaim. The court denied the motion to open the nonsuit on September 7, 2005.

"The principles that govern motions to open or set aside a civil judgment are well established. A motion to open and vacate a judgment . . . is addressed to the [trial] court's discretion, and the action of the trial

---

[8] Practice Book § 17-20 (c) provides in relevant part: "[M]otions for default for failure to appear shall be acted on by the clerk upon filing and shall not be printed on the short calendar. The motion shall be granted by the clerk if the party who is the subject of the motion has not filed an appearance. . . . If the defaulted party files an appearance in the action prior to the entry of judgment after default, the default shall automatically be set aside by operation of law. . . ."

court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Internal quotation marks omitted.) *Reiner, Reiner & Bendett, P.C.* v. *Cadle Co.*, 278 Conn. 92, 107, 897 A.2d 58 (2006).

"Generally speaking, a nonsuit is the name of a judgment rendered against a party in a legal proceeding upon his inability to maintain his cause in court, or when he is in default in prosecuting his suit or in complying with orders of the court." (Internal quotation marks omitted.) *Segretario* v. *Stewart-Warner Corp.*, 9 Conn. App. 355, 359, 519 A.2d 76 (1986). "The nonsuit forecloses the plaintiff from further prosecution of the action . . . ." Id.

General Statutes § 52-212 (a) provides in relevant part: "Any judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside . . . upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense." See also Practice Book § 17-43 (a). "The granting of relief under this statute, when its provisions are properly complied with, lies within the sound discretion of the trial court. But the orderly administration of justice requires that relief be denied unless the moving party alleges and shows reasonable cause for relief under the statute. . . . Such relief ordinarily should not be granted if the failure to

comply with an order of the court resulted from the moving party's own negligence." (Internal quotation marks omitted.) *Segretario* v. *Stewart-Warner Corp.*, supra, 9 Conn. App. 361–62.

The defendant alleged in support of her motion to open the nonsuit that the court's ruling dated October 15, 2004, did not require her to revise her counterclaim because the court sustained her objections to two of the plaintiff's requested revisions, that she never consented to revise her counterclaim with respect to all the other revisions requested by the plaintiff and that the ruling was, in general, "confusing and unclear."[9]

Our review of the record reveals that on April 19, 2004, the plaintiff filed a request seeking fourteen separate revisions of the defendant's counterclaim dated March 15, 2004. On May 10, 2004, the defendant filed her objection to the plaintiff's request to revise. The objection stated that the defendant "objects to *some* of [the] [p]laintiff's requests to revise" her counterclaim. (Emphasis added.) Further, the objection expressly consented to twelve of the plaintiff's fourteen requested revisions. In its ruling dated October 15, 2004, the court noted the defendant's consent to those twelve requests and ordered the defendant to revise her counterclaim within fifteen days. The defendant failed to submit a revised counterclaim before the fifteen day deadline had expired. On the basis of these facts, the court reasonably concluded that its ruling on October 15, 2004, was clear and unambiguous and that the defendant was not prevented by mistake, accident or other reasonable cause from revising her counterclaim. Accordingly, we conclude that the court exercised proper discretion by denying the defendant's motion to open the nonsuit.

---

[9] The defendant's motion to open includes several additional allegations that address the merits of her objections to the plaintiff's request to revise and not the merits of her motion to open.

## IV

The defendant last claims that the court improperly denied her motion for a continuance dated September 7, 2005. In support of her claim, the defendant states that she unduly was surprised by the plaintiff's sudden withdrawal of its action with respect to Palmer, in both her individual capacity and as executrix of the estate.[10] We are not persuaded.

"[T]he determination of whether to grant a request for a continuance is within the discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion. . . . A reviewing court is bound by the principle that [e]very reasonable presumption in favor of the proper exercise of the trial court's discretion will be made. . . . Our role as an appellate court is not to substitute our judgment for that of a trial court that has chosen one of many reasonable alternatives." (Internal quotation marks omitted.) *Mitchell* v. *Commissioner of Correction*, 93 Conn. App. 719, 724, 891 A.2d 25, cert. denied, 278 Conn. 902, 896 A.2d 104 (2006).

Before trial on September 13, 2005, the court heard argument from the parties on the defendant's motion for a continuance. According to the defendant, she needed time to secure counsel to represent her at the trial because, as part of her trial strategy, she planned to rely on Palmer to conduct all of the examinations of witnesses and make all necessary arguments to the court. Our review of the record reveals that as early as March 15, 2004, the defendant requested, and the court granted, time for her to retain counsel. Instead of hiring an attorney, however, the defendant opted to rely on a codefendant to represent the interests of both parties

---

[10] The defendant also states that she was unfairly surprised by the plaintiff's claim that she was the sole owner of the property. We address this issue in part I A.

at trial. The court properly concluded that the defendant's sudden doubts about the successfulness of her trial strategy did not provide a sufficient basis for granting her request for a continuance. Accordingly, the court did not abuse its discretion by denying the defendant's request.

The judgment is affirmed and the case is remanded for the purpose of setting a new sale date.

In this opinion the other judges concurred.