## SOMERS WEST TOWNE HOUSES, INC. *v.* LAS PROPERTIES LIMITED PARTNERSHIP
### (AC 28669)

DiPentima, Beach and West, Js.

Argued March 27—officially released June 17, 2008

*James W. Sherman*, with whom was *Bruce D. Tyler*, for the appellant (defendant).

*Patricia A. Ayars*, for the appellee (plaintiff).

*Opinion*

WEST, J. The defendant, LAS Properties Limited Partnership, appeals from the summary judgment rendered by the trial court in favor of the plaintiff, Somers West Towne Houses, Inc. On appeal, the defendant claims that the court improperly decided two genuine issues of material fact and made incorrect conclusions thereon. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our disposition of the defendant's appeal. The plaintiff is a common interest community owners association, which consists of twelve units. Unit ten in this community is owned by the defendant. Lucille Sherman is the sole general partner of the defendant. On August 30, 2004, a unit owners' meeting was held regarding the ratification of a proposed budget for the community. Sherman did not attend the meeting. The other eleven unit owners attended the meeting and voted on the

ratification of the budget proposal. The budget was ratified by a vote of five for ratification and six against it.[1] Thereafter, the defendant refused to pay its unit's budgetary assessments, and, as a consequence, the plaintiff brought a foreclosure action against the defendant in January, 2005. In February, 2005, the defendant filed a counterclaim against the plaintiff. The gravamen of the counterclaim is premised on the illegality of the ratification vote. In March, 2006, the court rendered summary judgment in favor of the plaintiff on its complaint as to the liability of the defendant. On January 18, 2007, the plaintiff filed a motion for summary judgment on the counterclaim and submitted documents and affidavits in support of the same. Although the defendant filed a memorandum of law in opposition to the motion for summary judgment, it did not submit any documents or affidavits in support thereof. On March 8, 2007, the court granted the plaintiff's motion for summary judgment, rendered judgment in favor of the plaintiff on the counterclaim and issued a memorandum of decision. This appeal followed. Additional facts will be set forth as necessary.

We first set forth the legal principles that guide our review. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for

---

[1] The minutes of the August 30, 2004 meeting provide in relevant part: "According to our Association bylaws, seven out of twelve owners have to oppose a decision by the Association Executive Board that requires a vote. The situations to which this voting rule applies are ratifications to the bylaws and an increase of common expenses by more than 15 percent of current amount due." In the present case, because only six owners voted to oppose the budget proposal, the budget proposal was ratified.

summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . The test is whether the party moving for summary judgment would be entitled to a directed verdict on the same facts. . . . Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary." (Internal quotation marks omitted.) *Mazurek* v. *Great American Ins. Co.*, 284 Conn. 16, 26–27, 930 A.2d 682 (2007).

I

The defendant first claims that the court improperly decided an issue of material fact and made an incorrect conclusion thereon. Specifically, the defendant asserts that the court improperly engaged in interpreting the meaning of General Statutes § 47-245 (c) and subsequently concluded improperly that the budget was ratified pursuant to that statute.

First, the defendant argues that by interpreting the meaning of § 47-245 (c), the court improperly decided an issue of fact. We do not agree. "Issues of statutory construction raise questions of law, over which we exercise plenary review. . . . The process of statutory interpretation involves the determination of the meaning of the statutory language as applied to the facts of the case, including the question of whether the language does so apply. . . . When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature." (Internal quotation marks omitted.) *Trumbull* v. *Palmer*, 104 Conn. App. 498, 507, 934 A.2d 323 (2007), cert. denied, 286 Conn. 905, 944 A.2d 981 (2008). Because the meaning of a statute is a question of law, the court properly engaged in the act of construing the meaning of the statute at issue in the present case.

Second, the defendant argues that the court improperly concluded that the budget was ratified pursuant to § 47-245 (c) of the Common Interest Ownership Act, General Statutes § 47-200 et seq. In its memorandum of decision, the court noted that the statute provides that "unless 'a majority of *all* unit owners' rejects a budget proposal, 'the budget is ratified, whether or not a quorum is present' . . . ." (Emphasis in original.) The court then concluded that "in order to defeat ratification in the present situation, at least seven of the twelve unit owners would have had to oppose the proposal. Because only six nay votes were cast, the budget was deemed ratified under . . . § 47-245 (c)."

In its brief, the defendant argues that the court improperly omitted the words "at that meeting" when citing the statute in support of the conclusion that the budget had been ratified. The defendant argued, therefore, that the court incorrectly concluded that a majority of *all* unit owners was needed to reject the budget proposal. Instead, the defendant argued, only a majority of the unit owners *present at the meeting* was needed to reject the budget proposal. We disagree.

Section 47-245 (c) provides in relevant part: "Unless at that meeting a majority of all unit owners, or any larger vote specified in the declaration, reject the budget, the budget is ratified, whether or not a quorum is present. . . ."[2] It is clear from the wording of the statute

---

[2] General Statutes § 47-245 (c) provides: "Within thirty days after adoption of any proposed budget for the common interest community, the executive board shall provide a summary of the budget to all the unit owners and shall set a date for a meeting of the unit owners to consider ratification of the budget not less than fourteen nor more than thirty days after mailing of the summary. Unless at that meeting a majority of all unit owners, or any larger vote specified in the declaration, reject the budget, the budget is ratified, whether or not a quorum is present. In the event the proposed budget is rejected, the periodic budget last ratified by the unit owners shall be continued until such time as the unit owners ratify a subsequent budget proposed by the executive board."

that "at that meeting" is not modifying "all unit owners." "[A]t that meeting" refers to the meeting mentioned in the first sentence of § 47-245 (c). See footnote 2. Therefore "at that meeting" describes simply where the vote on the proposed budget is to take place. The statute clearly provides that a majority of *all unit owners* is necessary to reject a budget proposal. As a result, we conclude that the court interpreted the statute correctly and properly concluded that a majority of all unit owners was necessary to reject the proposed budget.

## II

The defendant next claims that the court improperly decided another issue of material fact and made an incorrect conclusion thereon. Specifically, the defendant asserts that the court decided the issue of whether the general partner of the defendant was the only individual with the authority to vote as the sole owner of unit ten and concluded improperly that, in fact, the general partner was the only individual with the authority to vote as the owner of unit ten.

First, the defendant argues that the court's concluding that the general partner of the defendant was the only individual with the authority to vote as the sole owner of unit ten constituted the court's finding a material fact. We do not agree. The court came to this conclusion in several steps. First, the court stated that "[t]he act defines . . . a 'unit owner' as 'a declarant or other person who owns a unit.' General Statutes § 47-202 (32). A partnership is a 'person' under this definition. General Statutes § 47-202 (22)." Next, the court cited the defendant's bylaws in stating that "[t]he bylaws of the plaintiff specify that if a partnership owns a unit, any vote on behalf of the partnership 'may be cast by any *general* partner of the owning partnership in the absence of express notice of the designation of a specific person by the owning partnership . . . .' " (Emphasis in original.)

Finally, the court concluded that Sherman, the sole general partner of the defendant, failed to attend the August 30, 2004 meeting and that in addition, "[n]o notice of a designated person entitled to vote on behalf of the partnership instead of the general partner was given, express or otherwise."[3]

The court came to this conclusion by construing a statute, interpreting the plaintiff's bylaws and drawing a conclusion on the basis of uncontested facts. The court, therefore, did not decide an issue of material fact. As noted previously, construing a statute is a question of law. See part I. Additionally, interpreting the bylaws of the plaintiff is also a matter of law. See *Weldy* v. *Northbrook Condominium Assn., Inc.*, 279 Conn. 728, 736, 904 A.2d 188 (2006) ("an examination of the relevant condominium documents . . . presents a question of law that we review *de novo*" [emphasis in original]). Finally, drawing the factual conclusion that Sherman was the only person with the authority to vote, in the absence of any contested issue of material fact, is proper pursuant to the standard for rendering judgment on a motion for summary judgment. See Practice Book § 17-49.

Next, the defendant claims that the court improperly concluded that only the general partner of the defendant was authorized to cast a vote as the owner of unit ten. Again, we disagree.

The following additional facts are relevant to the defendant's claim. Thomas Sherman, a resident of unit ten, was present at the August 30, 2004 meeting. He stated, at the meeting, that he did not know who owned unit ten and did not know if he was authorized to vote on behalf of the owner of unit ten. Additionally, he had no document authorizing him to vote on behalf of the

---

[3] The defendant presented no evidence to demonstrate that any individual, other than Sherman, was authorized to vote on behalf of the defendant.

owner of unit ten. After the records of the plaintiff were examined and it was determined that unit ten was owned by the defendant, the president presiding at the meeting, Frank LoBianco, determined that Thomas Sherman was not qualified to vote on behalf of unit ten. The eleven unit owners present then voted on the proposed budget. Six owners voted to oppose it, while five owners voted to accept it. Therefore, the proposed budget was adopted because a majority of all unit owners, namely, seven, did not vote to reject the budget.

The defendant argues that Lucille Sherman, the general partner, was not the only person who was authorized to vote on behalf of unit ten. In fact, it argues that a co-owner, such as Thomas Sherman, was authorized to cast a vote pursuant to a valid proxy. The defendant cites several authorities for this proposition. For instance, it cites article four of the certificate of incorporation of the plaintiff, which provides in relevant part: "If a unit is owned by more than one person, such persons shall agree among themselves how a vote for such unit's membership is to be cast. . . . A vote by a co-owner for the entire unit's membership interest shall be deemed to be pursuant to a valid proxy, unless another co-owner of the same unit objects at the time the vote is cast, in which case such membership's vote shall not be counted." The defendant also cites § 3-110 (a) of the Uniform Common Interest Ownership Act, Public Acts 1983, No. 83-474, and § 3.8 of the plaintiff's bylaws. All of these provisions make the same assertion as article four of the plaintiff's certificate of incorporation cited previously, namely, that when a unit is owned by more than one person, a vote by a co-owner shall be deemed to be pursuant to a valid proxy.

Section 47-202 (32) provides in relevant part: " 'Unit owner' means a declarant or other person who owns a unit . . . ." Section 47-202 (22) provides: " 'Person'

means an individual, corporation, limited liability company, business trust, estate, trust, *partnership*, association, joint venture, government, governmental subdivision or agency, or other legal or commercial entity." (Emphasis added.) The records of the plaintiff demonstrate that the defendant owned unit ten, as a partnership, not as a group of specified individuals. Therefore, the bylaws of the plaintiff determine the voting rights of a partnership owning a condominium as part of the plaintiff's association.[4] Section 3.8 (c) of the plaintiff's bylaws is the applicable provision. It provides in relevant part: "The vote of a partnership may be cast by any general partner of the owning partnership in the absence of express notice of the designation of a specific person by the owning partnership. The moderator of the meeting may require reasonable evidence that a person voting on behalf of a corporation, partnership or business trust owner is qualified so to vote." In the present case, the general partner, Lucille Sherman, was not present at the August 30, 2004 meeting, and no notice was given of the designation of a specific person entitled to vote on behalf of the partnership. Therefore, Thomas Sherman properly was denied the right to vote on behalf of unit ten, and the proposed assessments were accepted properly. As a result, we conclude that the court properly concluded that the general partner of the defendant was the only individual with the authority to vote as the sole owner of unit ten.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[4] Although the defendant cites several different authorities to support its argument that the general partner was not the only individual authorized to vote on behalf of unit ten, all of the authorities it cites refer to the voting rights of multiple unit owners. In the present case, the only evidence presented indicated that the defendant's unit had only one owner—the partnership, itself. The defendant presented no evidence to suggest that the defendant partnership had multiple owners. Therefore, the authorities to which the defendant cited do not apply to the present situation.