******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

TOWN OF TRUMBULL *v.* LINDA A. PALMER,
EXECUTRIX (ESTATE OF MICHAEL
A. KNOPICK), ET AL.
(AC 36718)

Gruendel, Lavine and Bishop, Js.

*Argued September 25—officially released December 1, 2015*

(Appeal from Superior Court, judicial district of
Fairfield, Bellis, J.)

*Helene B. Knopick*, self-represented, the appellant
(defendant).

*Matthew Hausman*, with whom was *Darin L. Callahan*, for the appellee (plaintiff).

*Opinion*

BISHOP, J. The defendant Helene B. Knopick[1] appeals from the judgment of the trial court granting the motion of the plaintiff, the town of Trumbull, to open a judgment of dismissal and return the present action to the Superior Court docket. On appeal, the defendant claims, inter alia, that the court lacked the authority to grant the plaintiff's motion to open.[2] We affirm the judgment of the trial court.

This appeal arises in conjunction with a foreclosure action filed by the plaintiff against the defendant in August, 2002, that resulted in the entry of a judgment of foreclosure by sale on September 13, 2005. Following this initial judgment, the defendant unsuccessfully appealed to this court; see *Trumbull* v. *Palmer*, 104 Conn. App. 498, 934 A.2d 323 (2007), cert. denied, 286 Conn. 905, 944 A.2d 981 (2008); and, after the judgment was affirmed and a new sale date was set by the trial court, the defendant again appealed; see *Trumbull* v. *Palmer*, 123 Conn. App. 244, 1 A.3d 1121, cert. denied, 299 Conn. 907, 10 A.3d 526 (2010); further delaying implementation of the terms of the judgment. Indeed, throughout its tortured procedural course, this action has been the subject of a multitude of defense filings that have served to delay resolution of the action and, after the entry of judgment, effectuation of its terms.[3]

Ultimately, and likely due to its vintage, the case was placed on the dormancy docket of the Superior Court and a status conference was scheduled for March 3, 2014. When the plaintiff's attorney, who mistakenly believed that the status conference had been scheduled for March 4, 2014, did not appear in court on March 3, 2014, the court dismissed the case due to counsel's failure to attend. On March 6, 2014, the court sent notice of the judgment of dismissal to the parties. On March 4, the plaintiff's attorney realized his mistake, contacted the court, and learned of the dismissal. Thereafter, on March 5, 2014, the plaintiff filed a motion to open the judgment of dismissal pursuant to General Statutes § 52-212a and Practice Book § 17-4. In the motion, counsel represented that he, "by mistake, accident, inadvertence, reasonable cause and/or excusable neglect incorrectly entered the date of [the] status conference on his calendar for March 4, 2014." Additionally, counsel represented in the motion to open that this was "the first such time the undersigned counsel ha[d] missed a status conference or any other court mandated appearance in this matter" and that "this [was] not a matter where a plaintiff failed to close the pleadings or otherwise push the matter to trial. . . . [Rather] a judgment in favor of the plaintiff and against the defendants existed at the time of dismissal. . . . [A]nd given that the undersigned's failure to appear at the March 3, 2014 status conference was the result of an isolated incident of mistake, accident, inadvertence, reasonable

cause and/or excusable neglect, this Honorable Court should grant th[e] motion to open the judgment and set aside the dismissal, and restore the matter onto the regular docket . . . ." In this filing, the plaintiff's attorney did not include an affidavit attesting to the representations stated in his motion.[4]

By pleading dated March 20, 2014, the defendant objected to the plaintiff's motion to open, asserting that the court lacked the authority to grant the motion because it did not comply with the terms of General Statutes § 52-212, which requires that a motion to open must be "verified by the oath of the complainant or his attorney . . . ." General Statutes § 52-212 (b). On March 24, 2014, the court held a hearing on the plaintiff's motion during which counsel for the plaintiff made factual representations to the court that mirrored those set forth in the motion to open the judgment of dismissal. Following this hearing and on the same day, the court granted the plaintiff's motion to open. This appeal followed.

On appeal, the defendant claims that the court lacked the authority to grant the motion to open the judgment of dismissal because the motion was not accompanied by an affidavit as required by § 52-212. In response, the plaintiff claims that the court had the authority to open the judgment because the motion to open was timely filed pursuant to § 52-212a, which does not require an affidavit. We agree with the plaintiff and conclude that § 52-212a applies to the present case. In sum, the court had the authority to open the judgment of dismissal in the absence of a supporting affidavit because the pertinent statute, § 52-212a, does not require such an affidavit.

"Our standard of review is well settled. Whether a court has authority to grant a motion to open requires an interpretation of the relevant statutes. Statutory construction, in turn, presents a question of law over which our review is plenary." *Opoku* v. *Grant*, 63 Conn. App. 686, 690, 778 A.2d 981 (2001).

Our analysis of §§ 52-212a and 52-212 is guided by General Statutes § 1-2z and principles of statutory construction. *Nelson* v. *Dettmer*, 305 Conn. 654, 673, 46 A.3d 916 (2012). We begin with the text of § 52-212a, which provides in relevant part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . . ." Under the plain language of that statute, a trial court has the authority to open a civil judgment provided a motion to open is filed within four months following the entry of judgment. *Ramos* v. *J.J. Mottes Co.*, 150 Conn. App. 842, 845, 93 A.3d 624 (2014).

By contrast, § 52-212 (a) provides: "Any judgment rendered or decree *passed upon a default or nonsuit* in the Superior Court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense." (Emphasis added.) Subsection (b) of § 52-212 additionally requires that "[t]he complaint or written motion shall be verified by the oath of the complainant or his attorney . . . ."

Comparing and contrasting § 52-212 and § 52-212a, we conclude that the latter and not the former statute pertains to the procedural facts we confront. Here, the court did not render a judgment upon nonsuit or default as contemplated in § 52-212. Rather, the court rendered a judgment of dismissal in response to the failure of the plaintiff's counsel to attend a dormancy status conference. In contrast to § 52-212a, the plain language of § 52-212 makes clear that it pertains to judgments upon nonsuit or default, neither of which occurred in the present case. Accordingly, the defendant's reliance on § 52-212 is misplaced.

The only pertinent requirement of § 52-212a is that the motion to open be filed within four months of the date notice of the dismissal was sent to the parties. General Statutes § 52-212a; see also *Ramos* v. *J.J. Mottes Co.*, supra, 150 Conn. App. 845 ("a trial court has the authority to open a civil judgment within four months following the entry of judgment"). Consequently, because the plaintiff filed a motion pursuant to § 52-212a to open the judgment of dismissal within four months after notice of the dismissal was sent, the court had the authority to grant the plaintiff's motion.[5]

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The complaint named several additional defendants, none of whom is a party to this appeal. We therefore refer in this opinion to Knopick as the defendant.

[2] The only claim properly before us on appeal is whether the court lacked the authority to open the judgment. This challenge to the court's authority to grant a motion to open is appealable as an exception to the general rule that an order granting a motion to open is not an appealable final judgment. *Solomon* v. *Keiser*, 212 Conn. 741, 747, 562 A.2d 524 (1989). Accordingly, we address only the defendant's claim that the court lacked the authority to grant the plaintiff's motion to open; all other claims raised in the defendant's brief—including those related to the merits of the court's action—are beyond the proper scope of this appeal. *Byars* v. *FedEx Ground Package System, Inc.*, 101 Conn. App. 44, 46 n.2, 920 A.2d 352 (2007).

[3] A review of the court's docket reveals 449 entries and the filing of two appeals with various motions attending those appeals. *Trumbull* v. *Palmer*, supra, 104 Conn. App. 498; *Trumbull* v. *Palmer*, supra, 123 Conn. App. 244.

[4] Subsequently, on April 23, 2014, counsel filed such an affidavit.

[5] Although we conclude that § 52-212 does not apply to this case, we note that the plaintiff's attorney timely complied with the affidavit requirement of § 52-212 when he subsequently filed the affidavit on April 23, 2014. See *Carter* v. *D'Urso*, 5 Conn. App. 230, 234, 497 A.2d 1012 (concluding that because court received affidavit "well within the four month period" of § 52-212 "court could not reasonably deny the motion because of a procedural deficiency which had been cured prior to its decision"), cert. denied, 197 Conn. 814, 499 A.2d 63 (1985).

———————————————