### JOHN P. RICCIO v. LINDA A. RICCIO
### (AC 21878)

Lavery, C. J., and Foti and Dupont, Js.

---

Argued January 13—officially released March 18, 2003

*John M. Wyzik,* for the appellant (defendant).

*Michael H. Clinton,* for the appellee (plaintiff).

*Opinion*

DUPONT, J. In this summary process action, seeking eviction, the defendant, Linda A. Riccio, appeals from the judgment of the trial court rendered in favor of the plaintiff, John P. Riccio. The defendant's answer to the action contained four special defenses and a counterclaim. All but one of the claims initially raised on appeal have been dismissed by this court as moot because the defendant vacated the premises while the appeal was pending. The sole remaining claim, which arises out of the defendant's counterclaim, is whether the court improperly concluded that there was not a fiduciary relationship between the parties sufficient to establish a constructive trust of the plaintiff's real estate in favor of the defendant. We affirm the judgment of the trial court.

The court found the following facts. The plaintiff and the defendant were divorced in the early 1990s. In June, 1998, the plaintiff ex-husband had physical custody of, and was caring for, the parties' child, who suffers from severe autism and requires constant care and supervision. At that time, the plaintiff changed jobs and was

required to work nights. The plaintiff, therefore, asked the defendant, his former spouse, to move in with him and to help with the care of their child. Four weeks later, the defendant moved into the plaintiff's rented apartment with him and their daughter.

In June, 1999, the plaintiff purchased the subject premises at 815 Burbank Street in Suffield. Thereafter, the plaintiff continued to pay all the expenses associated with the house. In July, 1999, the plaintiff believed that the arrangement no longer was working and asked the defendant to leave. She refused. Subsequently, in January, 2000, after other attempts to get the defendant to leave failed, the plaintiff served the defendant with a notice to quit and subsequently with an action for summary process in which he sought possession of the premises. The defendant answered and filed a counterclaim, alleging, inter alia, that the parties' relationship established a constructive trust and that she was entitled to possession of the property.

The defendant's only claim on appeal is that the court improperly concluded that there was no confidential relationship between the parties that justified the imposition of a constructive trust. We disagree.

Before reviewing the defendant's claim, we set forth the appropriate standard of review. A court's determination of whether to impose a constructive trust "must stand unless it is clearly erroneous or involves an abuse of discretion. . . . This limited scope of review is consistent with the general proposition that equitable determinations that depend on the balancing of many factors are committed to the sound discretion of the trial court." (Citation omitted; internal quotation marks omitted.) *Wendell Corp. Trustee* v. *Thurston*, 239 Conn. 109, 114, 680 A.2d 1314 (1996).

"[A] constructive trust arises . . . against one who, by . . . abuse of confidence . . . either has obtained

or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy." (Internal quotation marks omitted.) Id., 113. "Courts may use the equitable device of a constructive trust to remedy the unjust enrichment which results from not disposing of property as promised after the promise induced someone with whom the promisor shared a confidential relationship to transfer the property to the promisor. *Starzec* v. *Kida*, 183 Conn. 41, 49, 438 A.2d 1157 (1981)." (Internal quotation marks omitted.) *Giulietti* v. *Giulietti*, 65 Conn. App. 813, 860, 784 A.2d 905, cert. denied, 258 Conn. 946, 947, 788 A.2d 95, 96, 97 (2001).

The defendant claims that the facts presented at trial demonstrated that a confidential relationship existed between her and the plaintiff and, thus, the burden of opposing the resulting constructive trust shifted to the plaintiff. She cites *Starzec* v. *Kida*, supra, 183 Conn. 44 n.1, for the proposition that in Connecticut, there are two types of confidential relationships in the context of constructive trusts: (1) where one party is under the domination of another and (2) where circumstances justify a party's belief that his or her welfare or instructions will guide the other's actions. Id. The defendant argues that the court improperly failed to consider the second basis for finding a confidential relationship. The plaintiff contends that the court correctly determined that there was no confidential relationship between the parties.[1]

---

[1] The plaintiff also argues that the defendant's counterclaim is moot because if we were to remand the case, the court would lack jurisdiction because the summary process action became moot when the defendant vacated the premises. In light of our Supreme Court's holding in *Fellows* v. *Martin*, 217 Conn. 57, 62, 584 A.2d 458 (1991), that "equitable defenses and counterclaims implicating the right to possession are available in a summary process proceeding," we conclude that the defendant's counterclaim properly is before us. See also *Filosi* v. *Hawkins*, 1 Conn. App. 634, 638–40, 474 A.2d 1261 (1984) (court considered constructive trust counterclaim in summary process action).

The court rendered judgment in the plaintiff's favor on the defendant's counterclaim because it found that the defendant did not establish the existence of a confidential relationship between the parties. The court's conclusion was in accord with applicable law. In its memorandum of decision, the court specifically stated that "there is no evidence that [the defendant] was under the domination of the plaintiff." The court also stated in an articulation of its decision that it was "unreasonable [for the defendant] to expect that she could stay indefinitely and/or be given title to the property." The facts amply support those conclusions.

The parties were former spouses. The defendant was invited into the house to help care for their child, not on account of a present relationship between the parties. Neither party had an interest in resuming a marital relationship. The defendant did not contribute to the purchase of the property, nor to the payment of the mortgage on the property, nor to any other expense associated with the property. The plaintiff never promised the property to the defendant. The court's factual findings were not clearly erroneous, and the court did not abuse its discretion in concluding that the defendant had failed to prove the existence of a confidential relationship between the parties. The court, therefore, properly determined that there was no basis on which to establish a constructive trust.

The judgment is affirmed.

In this opinion the other judges concurred.