ROBERT V. CIMMINO *v.* HOUSEHOLD REALTY
CORPORATION ET AL.
(AC 27768)

Flynn, C. J., and Gruendel and Berdon, Js.

Argued September 5—officially released November 13, 2007

*Robert V. Cimmino*, pro se, the appellant (plaintiff).

*Jonathan S. Bowman*, with whom was *Jason A. Buchsbaum*, for the appellee (named defendant).

*Juris V. Zauls*, for the appellee (defendant Karen I. Tucker).

*Opinion*

GRUENDEL, J. The plaintiff, Robert V. Cimmino, appeals from the judgment of the trial court dismissing his action against the defendants, Household Realty Corporation (Household) and Karen I. Tucker, for lack of subject matter jurisdiction. On appeal, the plaintiff claims that the court improperly concluded that he lacked standing. We disagree and, accordingly, affirm the judgment of the trial court.

The underlying facts are as follows. The plaintiff, an attorney licensed to practice law in Connecticut, originally owned, with his wife, certain property in Sherman known as 37 Anderson Road. In an effort to insulate the property from creditors, a complex series of transactions followed, in which various interests in the property were passed to the plaintiff's children, Christopher A. Cimmino and Tucker. Ultimately, an entity named Lincoln Commercial Services foreclosed on the property and thereafter conveyed title to Christopher A. Cimmino and Tucker.

On November 12, 1999, Christopher A. Cimmino and Tucker executed a note on the property in the amount of $296,000, which was secured by a mortgage in favor of Household. In his amended complaint, the plaintiff alleged that he and Tucker agreed that he would make payments on the note. The plaintiff further acknowledged that in August, 2002, he defaulted on that obligation. As a result, Household commenced an action of foreclosure against Christopher A. Cimmino and Tucker.[1]

Thereafter, Christopher A. Cimmino and Tucker entered into a stipulated judgment with Household. A

[1] Although Household cited the plaintiff into the foreclosure action as a party who may have an interest in the property, it withdrew the action as to the plaintiff prior to the judgment of foreclosure. The plaintiff did not move to be made a necessary party, as provided by Practice Book §§ 9-6 and 9-18, nor did he move to open the judgment of foreclosure on that ground.

judgment of strict foreclosure entered, and a deed to the property was delivered to Household. Prior to the recording of that deed, the plaintiff filed the present action to set aside the judgment of foreclosure. Household subsequently filed a motion for summary judgment in which it alleged, inter alia, that the plaintiff lacked standing to bring any claims against Household because the plaintiff did not have any interest in the subject property, nor was he a party to either the note or the mortgage foreclosed upon. The court agreed and dismissed the plaintiff's complaint. From that judgment, the plaintiff now appeals.

"[A] party must have standing to assert a claim in order for the court to have subject matter jurisdiction over the claim. . . . Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . [Our Supreme Court] has often stated that the question of subject matter jurisdiction, because it addresses the basic competency of the court, can be raised by any of the parties, or by the court sua sponte, at any time. . . . [T]he court has a duty to dismiss, even on its own initiative, any appeal that it lacks jurisdiction to hear. . . . Moreover, [t]he parties cannot confer subject matter jurisdiction on the court, either by waiver or by consent. . . . Standing [however] is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented." (Citations omitted; internal quotation

marks omitted.) *Webster Bank* v. *Zak*, 259 Conn. 766, 774, 792 A.2d 66 (2002). "Where a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause." (Internal quotation marks omitted.) *Blakeney* v. *Commissioner of Correction*, 47 Conn. App. 568, 574, 706 A.2d 989, cert. denied, 244 Conn. 913, 713 A.2d 830 (1998). Our review of the question of the plaintiff's standing is plenary. See *West Farms Mall, LLC* v. *West Hartford*, 279 Conn. 1, 12, 901 A.2d 649 (2006).

"Standing is established by showing that the party . . . is authorized by statute to bring an action, in other words statutorily aggrieved, or is classically aggrieved. . . . The fundamental test for determining [classical] aggrievement encompasses a well-settled twofold determination: [F]irst, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in [the challenged action], as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the [challenged action]." (Internal quotation marks omitted.) *Wesley* v. *Schaller Subaru, Inc.*, 277 Conn. 526, 538, 893 A.2d 389 (2006).

At the time that Household commenced the foreclosure action, the plaintiff possessed no ownership right in the property. As the court observed, he had no legal, recorded title interest in the property. Moreover, the plaintiff was not a party to the note or mortgage being foreclosed. "It is well settled that one who [is] neither a party to a contract nor a contemplated beneficiary thereof cannot sue to enforce the promises of the contract . . . . Under this general proposition, if the plaintiff is neither a party to, nor a contemplated beneficiary of, [the] agreement, she lacks standing to bring her

claim for breach of the agreement." (Citations omitted; internal quotation marks omitted.) *Tomlinson* v. *Board of Education*, 226 Conn. 704, 718, 629 A.2d 333 (1993). The plaintiff's argument resembles that of the defendant in *Barnes* v. *Upham*, 93 Conn. 491, 107 A. 300 (1919), to which our Supreme Court replied that "the defendant, by a conveyance of the equity, had parted with his entire interest in the premises. As the record title stood he had no interest in the premises sufficient to give him a standing in the foreclosure proceedings, and therefore was not in law entitled to notice." Id., 494. The same logic applies here.

The plaintiff nevertheless maintains that his claim to ownership of the property "rests in the creation of a constructive trust" between him and the record owners of the property, Christopher A. Cimmino and Tucker. That claim was not presented to the trial court. The plaintiff's amended complaint never referenced a "constructive trust" nor did it request the imposition thereof by the court. Contra *Maris* v. *McGrath*, 269 Conn. 834, 836, 850 A.2d 133 (2004); *Menard* v. *Gaskell*, 92 Conn. App. 551, 554–55, 885 A.2d 1254 (2005); *Cadle Co.* v. *Gabel*, 69 Conn. App. 279, 284, 794 A.2d 1029 (2002).

"The imposition of a constructive trust by equity is a remedial device designed to prevent unjust enrichment." (Internal quotation marks omitted.) *Giulietti* v. *Giulietti*, 65 Conn. App. 813, 856, 784 A.2d 905, cert. denied, 258 Conn. 946, 947, 788 A.2d 95, 96, 97 (2001); see also Restatement, Restitution, Quasi Contracts and Constructive Trusts § 160, comment (c), p. 642 (1937). Under our rules of practice, "[a] party seeking equitable relief *shall* specifically demand it as such, unless the nature of the demand itself indicates that the relief sought is equitable relief." (Emphasis added.) Practice Book § 10-27. The plaintiff made no such demand in the present case. As such, he cannot now complain that the court failed to impose a constructive trust.

Although the plaintiff's complaint contained many demands, it did not include either a demand for the imposition of a constructive trust or equitable relief generally.[2] For that reason, this case is distinguishable from *Giulietti* v. *Giulietti*, supra, 65 Conn. App. 813. In that case, "the plaintiffs' complaint included both requests for specific equitable relief, and a general prayer for other and further relief as the court deemed necessary and appropriate. . . . [T]he plaintiffs [also] specifically argued for the imposition of a constructive trust in their posttrial brief . . . ." Id., 860–61. As a result, the *Giulietti* court concluded that "it was clear from the complaint that equitable relief was being sought, even though the plaintiffs did not specifically request a constructive trust." Id. That is not the case here. Moreover, the precise question posed in *Giulietti* was whether the trial court had abused its discretion in imposing a constructive trust, which required us to make every reasonable presumption in favor of upholding the trial court's ruling. See *ACMAT Corp.* v. *Greater New York Mutual Ins. Co.*, 282 Conn. 576, 582, 923 A.2d 697 (2007). By contrast, the question in the present case is whether the court improperly failed to impose a constructive trust despite the fact that the complaint did not contain such a demand. We answer that query in the negative.

The plaintiff failed to demonstrate a specific, personal and legal interest in the foreclosure action between Household, Christopher A. Cimmino and

[2] The plaintiff's complaint at various points demanded that the court (1) set aside the judgment of foreclosure, (2) set aside the deed delivered to Household, (3) enjoin Household from recording the deed, (4) declare the deed delivered to Household null and void, (5) declare the stipulation of judgment null and void, (6) set aside the stipulation of judgment, (7) enjoin Tucker from conveying the property to Household, (8) enjoin Tucker from executing and delivering a stipulation of judgment to Household and (9) enjoin Household from recording the deed from Tucker. No other relief was requested.

Tucker. See *Wesley* v. *Schaller Subaru, Inc.*, supra, 277 Conn. 538. We therefore conclude that the court properly determined that the plaintiff lacked standing to maintain his action to set aside the judgment of foreclosure.

The judgment is affirmed.

In this opinion the other judges concurred.