TOWN OF TRUMBULL *v.* LINDA A. PALMER,
EXECUTRIX (ESTATE OF MICHAEL A.
KNOPICK), ET AL.
(AC 30059)

Beach, Robinson and Peters, Js.

Argued February 5—officially released August 17, 2010

*Helene B. Knopick*, pro se, the appellant (defendant).

*Linda A. Palmer*, pro se, the appellant (proposed intervenor).

*Robert G. Golger*, for the appellee (plaintiff).

*Opinion*

ROBINSON, J. The pro se defendant Helene B. Knopick[1] and the would-be intervenor, Linda A. Palmer, appeal from the judgment of the trial court setting a new sale date and denying their motion to open and vacate the judgment rendered in favor of the plaintiff, the town of Trumbull, and the court's denial of Palmer's motions to intervene. The issues on appeal are whether the court abused its discretion by denying (1) Palmer's motions to intervene in her individual and fiduciary capacities, and (2) the motion to open and vacate the judgment. We dismiss Palmer's appeal and affirm the judgment of the trial court.

The underlying facts of this case were set out in detail in *Trumbull* v. *Palmer*, 104 Conn. App. 498, 934 A.2d 323 (2007), cert. denied, 286 Conn. 905, 944 A.2d 981 (2008). We will address only those facts and the procedural history necessary to address the claims in this appeal. Michael A. Knopick (decedent) executed his last will on May 27, 1989, leaving to the defendant all of his interest in their home at 29 Haverhill Road in Trumbull (property). Id., 500. The decedent died on June 20, 1989, and his will, naming Palmer as executrix, was admitted to probate on January 19, 1990. Id. A certificate of devise reflecting the defendant's absolute

---

[1] The complaint named several additional defendants, none of whom is a party to this appeal. We therefore refer in this opinion to Knopick as the defendant.

interest in the property, however, was never filed in the land records. From October 1, 1990, and annually thereafter, through October 1, 2000, the plaintiff assessed and levied a tax on the property and billed the owners of record, the decedent and the defendant. Id. None of the taxes assessed on the property during that time were paid. The plaintiff, therefore, placed "certificates of lien in the land records for each delinquent tax." Id. In August, 2002, the plaintiff commenced an action seeking to foreclose the eleven municipal tax liens against the property.[2] Id., 500–501. "Following a hearing on September 13, 2005, the court [*Richards, J.*] rendered judgment of foreclosure by sale with a sale date of November 12, 2005." Id., 501. The defendant appealed.[3] This court affirmed the judgment of foreclosure by sale and remanded the case for the purpose of setting a new sale date. Id., 515.

On remand, on April 9, 2008, the plaintiff filed a motion for a new sale date and asked the court, *Blawie, J.*, to recalculate the amount of the debt and to award it attorney's fees for the defendant's appeal. On May 16, 2008, the defendant and Palmer opposed the motion for a new sale date, claiming that the court lacked subject matter jurisdiction over the action and that the plaintiff had perpetrated a fraud on the court. On May 19, 2008, the defendant and Palmer filed a motion to open and vacate the judgment, again asserting that the

---

[2] The summons identified the named defendant as the estate of Michael A. Knopick, c/o: Linda A. Palmer, Administratrix. The plaintiff withdrew all claims against the estate and Palmer prior to trial. *Trumbull* v. *Palmer*, supra, 104 Conn. App. 514.

[3] In *Trumbull*, the defendant claimed that Judge Richards "(1) made improper factual findings that (a) went beyond the scope of the pleadings, (b) were not supported by the evidence and (c) conflicted with provisions of the General Statutes that provide for the taxation of real property, (2) improperly calculated the amount of the debt at the time of rendering judgment, (3) improperly denied her request to open the judgment and (4) improperly denied her request to continue the trial." *Trumbull* v. *Palmer*, supra, 104 Conn. App. 500.

plaintiff and its counsel had perpetrated a fraud on the court and that the court lacked subject matter jurisdiction.[4] The defendant and Palmer based their claim of fraud on the fact that the action was brought against the decedent's estate, not the fiduciary of the estate,[5] and that the action had been withdrawn against the estate and Palmer individually prior to trial. The motion to open and vacate the judgment stated in part that "[n]o notice was ever given to [the defendant] or Palmer not even at trial that [the] [p]laintiff sought to recover against [the defendant] for the claims it plead[ed]

[4] The motion to open and vacate the judgment stated, in part, that the court lacked personal jurisdiction over the defendant in her alleged capacity as an heir, devisee or beneficiary.

[5] In *Trumbull*, the defendant claimed, among other things, that "by finding her to be the sole owner of the property, the court materially departed from the plaintiff's judicial admission that she shared ownership with the decedent's estate." *Trumbull* v. *Palmer*, supra, 104 Conn. App. 502. "In its complaint seeking a foreclosure of its tax liens, the plaintiff alleged that '[o]n or about [the dates of assessment], [t]he Estate of Michael A. Knopick and [the defendant] were the record owners of [29 Haverhill Road in Trumbull].' " Id., 503.

In resolving the defendant's claim, this court reasoned that "[d]espite the plaintiff's allegation, an estate cannot hold title to property and cannot participate in a foreclosure action against the property. See *Isaac* v. *Mount Sinai Hospital*, 3 Conn. App. 598, 600, 490 A.2d 1024 (estate not legal entity, natural or artificial person but merely name to indicate sum total of assets and liabilities of decedent), cert. denied, 196 Conn. 807, 494 A.2d 904 (1985). By naming the estate as co-owner, however, the plaintiff essentially alleged that the estate's beneficiaries co-owned the property with the defendant, but the identity of those beneficiaries was unknown to the plaintiff at the time of pleading. Thus, the complaint provided sufficient notice that the issues before the court included the identity of the estate's beneficiaries, the extent of their interests in the property and the amount of the delinquent taxes attributable to them. Any evidence that the decedent devised his entire interest in the property to the defendant fell within the scope of the plaintiff's complaint. Further, the defendant suffered no prejudice from the court's finding because a sale, upon approval by the court, forecloses *any* interest in the property that she may later assert, regardless of the extent of that interest or the means by which she obtained it. Accordingly, we conclude that the court did not act contrary to or materially depart from the allegations in the plaintiff's complaint by finding the defendant to be the sole owner of the property by virtue of devise." (Emphasis in original.) *Trumbull* v. *Palmer*, supra, 104 Conn. App. 503–504.

against the [e]state." The court overruled the objection to the motion for a new sale date and, on June 4, 2008, denied the motion to open and vacate the judgment.

On May 19, 2008, Palmer filed a motion to intervene, individually and in her fiduciary capacity as executrix. In her affidavit, Palmer represented that the defendant had quitclaimed 50 percent of her interest in the property to Palmer. The court denied the motion to intervene on June 4, 2008. The court granted the plaintiff's motion for a new sale date on June 24, 2008. On June 24, 2008, Palmer filed a second motion to intervene for the purpose of filing an appeal. The court denied the second motion to intervene on June 25, 2008. The defendant and Palmer filed numerous motions for reconsideration and reargument.

Palmer and the defendant filed an appeal and amended it twice.[6] They also filed postjudgment motions asking the court to issue a memorandum of decision stating the factual and legal bases for its rulings with respect to all of their motions. The court denied those motions. Thereafter, the defendant and Palmer filed a motion for review of the court's denial of their motion for articulation. This court granted the motion for review and the relief requested therein.[7] On March 4, 2009, the court filed an articulation of its decision.

I

Our first order of business is to determine whether Palmer is a proper party to this appeal. "A threshold inquiry of this court upon every appeal presented to it

[6] The appeal was filed on June 24, 2008, and subsequently amended on July 9 and 10, 2008.

[7] This court treated the motion for review as a motion to compel compliance with Practice Book § 64-1 and granted the motion. The trial court was ordered to issue a memorandum of decision explaining the factual and legal basis for its decisions denying the motion to open and vacate the judgment dated May 17, 2008, denying the motion to intervene dated May 17, 2008, and denying the motions to reargue those decisions.

is the question of appellate jurisdiction. . . . It is well established that the subject matter jurisdiction of the Appellate Court and of this court is governed by [General Statutes] § 52-263, which provides that an *aggrieved party* may appeal to the court having jurisdiction from the *final judgment* of the court." (Citation omitted; emphasis in original; internal quotation marks omitted.) *King* v. *Sultar*, 253 Conn. 429, 434, 754 A.2d 782 (2000). "Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong. . . . A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. . . . [O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case. . . . If it becomes apparent to the court that such jurisdiction is lacking, the appeal must be dismissed." (Citation omitted; internal quotation marks omitted.) *Milford Power Co., LLC* v. *Alstom Power, Inc.*, 263 Conn. 616, 624–25, 822 A.2d 196 (2003).

Section 52-263 "explicitly sets out three criteria that must be met in order to establish subject matter jurisdiction for appellate review: (1) the appellant must be a party; (2) the appellant must be aggrieved by the trial court's decision; and (3) the appeal must be taken from a final judgment." *State* v. *Salmon*, 250 Conn. 147, 153, 735 A.2d 333 (1999). "Ordinarily, the word party has a technical legal meaning, referring to those by or against whom a legal suit is brought . . . the party plaintiff or defendant, whether composed of one or more individuals and whether natural or legal persons. . . . This definition of party, which we also have labeled party status in court . . . includes only those who are parties to the underlying action." (Citations omitted; internal quotation marks omitted.) Id., 154. To resolve this question,

we must address Palmer's claims that the court improperly denied her motion to intervene as executrix of the decedent's estate and individually.

"The fundamental test for establishing classical aggrievement is well settled: [F]irst, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision . . . . Second, the party claiming aggrievement also must demonstrate that its asserted interest has been specially and injuriously affected in a way that is cognizable by law." (Internal quotation marks omitted.) *King* v. *Sultar*, supra, 253 Conn. 434–35. Ordinarily, "review by way of appeal pursuant to § 52-263 is available only to parties to an underlying action . . . ." (Citation omitted; internal quotation marks omitted.) Id., 436. In *King*, our Supreme Court considered whether a person whose motion to intervene had been denied by the trial court satisfied the party status requirement of § 52-263. "[I]f a would-be intervenor has a colorable claim to intervention as a matter of right . . . both the final judgment and party status prongs of our test for appellate jurisdiction are satisfied." (Citation omitted; internal quotation marks omitted.) Id. The question then is whether Palmer had a colorable claim to intervene.[8] We conclude that she did not.

The defendant and Palmer claim that the court improperly denied Palmer's motion to intervene as a matter of right, or in the alternative, permissively.[9] The

---

[8] The trial court did not address Palmer's motion to intervene in her individual capacity in its articulation, and the defendant and Palmer failed to seek further articulation or file a motion for review with this court. See Practice Book §§ 66-5 and 66-7. Because our review is plenary and the issue is a question of law, we will review the claim. See *Petitte* v. *DSL.net, Inc.*, 102 Conn. App. 363, 374, 925 A.2d 457 (2007) (construction of pleadings a question of law).

[9] The defendant and Palmer failed to brief the issue of permissive intervention. We, therefore, deem it abandoned. See *Barzetti* v. *Marucci*, 66 Conn. App. 802, 808, 786 A.2d 432 (2001).

scope of review over a claim of intervention as a matter of right is plenary. *Kerrigan* v. *Commissioner of Public Health*, 279 Conn. 447, 454–55, 904 A.2d 137 (2006).

"[F]or a proposed intervenor to establish that it is entitled to intervene as a matter of right, the proposed intervenor must satisfy a well established four element conjunctive test: [T]he motion to intervene must be timely, the movant must have a direct and substantial interest in the subject matter of the litigation, the movant's interest must be impaired by disposition of the litigation without the movant's involvement and the movant's interest must not be represented adequately by any party to the litigation. . . . A proposed intervenor must allege sufficient facts, through its motion to intervene and the pleadings, to make the requisite showing of its right to intervene. . . . No additional testimony or evidence is required. . . . Failure to meet any one of the four elements, however, will preclude intervention as of right." (Citations omitted; internal quotation marks omitted.) *BNY Western Trust* v. *Roman*, 295 Conn. 194, 205–206, 990 A.2d 853 (2010).

## A

Palmer and the defendant claim that Palmer, as executrix of the decedent's estate, was entitled to intervene as a matter of right and, therefore, the court improperly denied Palmer's motion to intervene in that capacity. That claim fails because Palmer cannot demonstrate that, as executrix, she had a direct and substantial interest in the subject of the underlying litigation, which was to foreclose the title interest in the property.

In *Trumbull*, the defendant claimed that the plaintiff had presented insufficient evidence to prove that she alone held title to the property. *Trumbull* v. *Palmer*, supra, 104 Conn. App. 504. This court concluded that the trial court "reasonably could have found that the defendant acquired the decedent's title to the property.

The certificates of lien showed that the decedent and the defendant shared title to the property until the decedent's death on June 20, 1989. Through his will, the decedent devised his entire interest in the property to the defendant. Title to the decedent's share of the property subsequently vested in the defendant on January 18, 1990, when the decedent's will was admitted to probate. See *Cardillo* v. *Cardillo*, 27 Conn. App. 208, 212, 605 A.2d 576 (1992) [('[i]t is fundamental jurisprudence that title to real estate vests immediately at death in a deceased's heirs, or in devisees upon the admission of the will to probate')]." *Trumbull* v. *Palmer*, supra, 506. At the time the judgment of foreclosure by sale was rendered, the estate had no interest in the property, and Palmer, as fiduciary of the estate, had no interest in the property. For that reason, Palmer has failed to assert a colorable claim entitling her to intervene as a matter of right. The trial court properly denied her motion to intervene as executrix of the decedent's estate.

B

Palmer and the defendant claim that Palmer's one-half interest in the property entitles her to intervene as a matter of right. We disagree because Palmer has failed to allege facts that demonstrate that her interest in the property will be impaired by the disposition of the litigation without her involvement. See *BNY Western Trust* v. *Roman*, supra, 295 Conn. 205.

The record reveals that in her motion to intervene filed on May 19, 2008, Palmer represented that the defendant had quitclaimed 50 percent of her interest in the property to Palmer on April 15, 2008.[10] In her affidavit in support of her motion to intervene, Palmer attested to her personal interest in the property, that

[10] Palmer attached a certified copy of the quitclaim deed to the motion to intervene.

"the foreclosure judgment was fraudulently obtained" and that her "appearance in this matter is necessary for the court to learn the truth of these matters." The record demonstrates that Palmer's purpose for seeking to intervene was to join the defendant's motion to set aside the foreclosure judgment; Palmer did not seek to intervene *to exercise her right of redemption.* See *Washington Trust Co.* v. *Smith,* 241 Conn. 734, 745, 699 A.2d 73 (1997) (party may timely intervene to exercise right of redemption), overruled in part on other grounds by *Kerrigan* v. *Commissioner of Public Health,* 279 Conn. 447, 455, 904 A.2d 137 (2006); see *Kerrigan* v. *Commissioner of Public Health,* supra, 454–55 (except for timeliness of motion to intervene, trial court's decision on motion to intervene subject to plenary review).

When the plaintiff commenced this action, it attached to the complaint a certified copy of a lis pendens filed in the Trumbull land records. "An encumbrance is a burden on the title and, as such, impedes its transfer." *Ghent* v. *Meadowhaven Condominium, Inc.,* 77 Conn. App. 276, 284, 823 A.2d 355 (2003). "A notice of lis pendens warns all persons that certain property is the subject matter of litigation and that any interests acquired during the pendency of the action are subject to its outcome. . . . Accordingly, any party whose interest in the property arose during the interim period is subject to the final judgment." (Internal quotation marks omitted.) *LaPenta* v. *Bank One, N.A.,* 101 Conn. App. 730, 737, 924 A.2d 868, cert. denied, 284 Conn. 905, 931 A.2d 264 (2007).

In her affidavit, Palmer asserted that the judgment of foreclosure was obtained by fraud, and she sought to assist the defendant in opening the judgment on that basis. In ruling on the motion to open the judgment, the court concluded that the plaintiff had not obtained the judgment of foreclosure by fraud. In part II of this

opinion, we affirm the court's reasoning and ruling on the motion to open the judgment. Palmer, therefore, has failed to allege facts demonstrating that her interest will be impaired by the disposition of the litigation without her involvement. The court, therefore, properly denied Palmer's motion to intervene as a matter of right.

Palmer has not satisfied the three *Salmon* factors; see *State* v. *Salmon,* supra, 250 Conn. 153; and is not a proper party to this appeal. The appeal as to the motion to intervene is dismissed.

## II

The defendant claims, as a matter of law, that the court improperly denied the motion to open and vacate the judgment. We disagree.

The defendant claims that our review of this claim should be plenary because her claim in the trial court was based on fraud. We disagree. "Our review of a court's denial of a motion to open [based on fraud] is well settled. We do not undertake a plenary review of the merits of a decision of the trial court . . . to deny a motion to open a judgment. . . . In an appeal from a denial of a motion to open a judgment, our review is limited to the issue of whether the trial court has acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Internal quotation marks omitted.) *Spilke* v. *Spilke,* 116 Conn. App. 590, 594–95, 976 A.2d 69, cert. denied, 294 Conn. 918, 984 A.2d 68 (2009).

In response to this court's order for compliance, the trial court stated, in relevant part: "The court used as its touchstone the careful and well-reasoned opinion

of the Appellate Court, a decision which was allowed to stand by the Supreme Court, *Trumbull* v. *Palmer*, [supra, 104 Conn. App. 498]. That opinion concludes as follows: 'The judgment is affirmed and *the case is remanded for* [*the purpose*] of setting a new sale date'. . . . Id., [515]."

The court continued: "The case was returned to the trial level, and this court attempted to comply with the order of the Appellate Court to set a new sale date. The defendant (and proposed intervenor) moved to open. The principles that govern motions to open a judgment are well established. Such motions are addressed to the discretion of the trial court. *Reiner, Reiner & Bendett, P.C.* v. *Cadle Co.*, 278 Conn. 92, 107, 897 A.2d 58 (2006). The defendant alleges fraud. While a judgment may be collaterally attacked where a party can establish facts tending to show fraud; see *City Savings Bank of Bridgeport* v. *Miko*, 1 Conn. App. 30, 34 n.2, 467 A.2d 929 (1983); the court was not persuaded that such facts exist in this instance. Accordingly, it denied the motion."

In its memorandum of decision, the court stated that "[e]ssentially, the proposed intervenor alleges fraud in the fact that she was not a party to the foreclosure action, and other purported irregularities. [The] [p]laintiff is correct in asserting that the defendant is attempting to relitigate issues that were previously decided against her, or alternatively, putting forth issues that might have been raised earlier, under the new label of 'fraud.' The doctrine of res judicata bars the relitigation of certain issues. It extends not only to those issues which were previously raised, but also those which might have been raised earlier. *Bridgeport Hydraulic Co.* v. *Pearson*, 139 Conn. 186, 196, 91 A.2d 778 (1952)." We agree with the cogent articulation of the trial court.

The defendant and Palmer cannot overcome res judicata by claiming fraud. "A common-law motion to open

must be predicated on fraud, duress or mutual mistake." *In re Samantha S.*, 120 Conn. App. 755, 757 n.3, 994 A.2d 259 (2010). "Under the common law . . . it is well settled that the essential elements of fraud are: (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury. . . . All of these ingredients must be found to exist. . . . Additionally, [t]he party asserting such a cause of action must prove the existence of the first three of [the] elements by a standard higher than the usual fair preponderance of the evidence, which . . . we have described as clear and satisfactory or clear, precise and unequivocal. . . . Finally, [t]he party claiming fraud . . . has the burden of proof. . . . Whether that burden has been met is a question of fact that will not be overturned unless it is clearly erroneous." (Citation omitted; internal quotation marks omitted.) *Capp Industries, Inc. v. Schoenberg*, 104 Conn. App. 101, 116, 932 A.2d 453, cert. denied, 284 Conn. 941, 937 A.2d 696 (2007). On the basis of our review of the record, we conclude that the court's finding that the defendant had not proved fraud is not clearly erroneous.

We also agree with the court that the issues raised by the defendant in her motion to open and vacate the judgment were issues that could have been raised on appeal in *Trumbull v. Palmer*, supra, 104 Conn. App. 498, and are thus barred by the doctrine of res judicata. "The doctrine of res judicata holds that an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. . . . If the same cause of

action is again sued on, the judgment is a bar with respect to any claims relating to the cause of action which were actually made or which might have been made. . . . Res judicata bars not only subsequent relitigation of a claim previously asserted, but subsequent relitigation of any claims relating to the same cause of action . . . which might have been made." (Citation omitted; internal quotation marks omitted.) *Massey* v. *Branford*, 119 Conn. App. 453, 464–65, 988 A.2d 370, cert. denied, 295 Conn. 921, 991 A.2d 565 (2010).

The defendant also claims that the court improperly (1) granted the plaintiff's motion for a new sale date, awarded attorney's fees and postjudgment interest, and denied her motion to open and vacate the judgment because the court failed to permit her to present evidence and cross-examine the plaintiff's witnesses and (2) ruled on some motions sua sponte, without a hearing. The record belies the defendant's claims.

On June 17, 2008, the parties came before the court. At that time the court asked the courtroom clerk what matters were before it. The clerk responded: "This matter was continued from May 19, [2008] at which time there was a motion for foreclosure by sale down. Other motions were filed, motion to open, motion to intervene, which you ruled on denying, and you set this over." The plaintiff's counsel then made the following representation, to which the court responded:

"[The Plaintiff's Counsel]: [T]he last time we were before Your Honor, I had on the docket that day my motion for new sale date in which I asked that, after a denial of the petition for [certification], that the court set a new sale date in accordance with the order of the Appellate Court.

"At the time we appeared before Your Honor on short calendar, the court was then presented with an objection to the motion for new sale date, a motion to intervene on behalf of [Palmer] individually, and [Palmer],

executrix of the estate of Michael Knopick, and a motion to reopen judgment . . . .

"What I think Your Honor indicated at that time was since [the defendant] first brought these objections and motion to reopen into the court that day, Your Honor indicated, 'I'm not going to take all this up now. What we'll do is we'll give you a chance to reply . . . and I'll set this down for a hearing.' And you picked the date of June [17, 2008].

\* \* \*

"The Court: In fact, I do recall the procedural history as far as I've been involved with it. [Palmer] requested a ruling in advance of today's date on the court's decision whether she would be allowed to intervene, and that's why I've ruled on that in advance of today's date."

Thereafter, the court heard argument by the parties. Palmer argued extensively. The defendant did not ask to present evidence.[11]

The defendant also claims that the court improperly denied her motions to reconsider and for reargument. In her brief, the defendant cites no factual or legal basis to support her claim. Moreover, in view of our conclusion that the court properly denied the motion to open and vacate the judgment, we cannot conclude that the court abused its discretion by denying the motions for reconsideration and reargument.

The appeal of the would-be intervenor is dismissed. The judgment is affirmed and the case is remanded for the purpose of setting a new sale date.

In this opinion the other judges concurred.

---

[11] The defendant also claims that the court improperly awarded additional attorney's fees and postjudgment interest. Those claims have not been adequately briefed and we decline to review them. See *Chase Home Finance, LLC* v. *Fequiere*, 119 Conn. App. 570, 580, 989 A.2d 606 (2010).