******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

TOWN OF STRATFORD *v.* 500 NORTH
AVENUE, LLC, ET AL.
(AC 44905)

Bright, C. J., and Cradle and Clark, Js.

*Syllabus*

The plaintiff town sought to foreclose municipal tax liens assessed against
  certain real property that had been owned by the defendant N Co. until
  shortly before this action was commenced. The parties agreed that title
  to the property vested in another company prior to the commencement
  of the action. The trial court granted the plaintiff's motion for summary
  judgment as to liability, and thereafter rendered a judgment of foreclo-
  sure by sale, from which N Co. appealed to this court. The plaintiff
  moved to dismiss the appeal for lack of subject matter jurisdiction on
  the ground that N Co. lacked standing to maintain the appeal because
  it no longer owned the property and, therefore, was not aggrieved by
  the judgment. *Held* that the plaintiff's motion to dismiss was granted
  and the appeal was dismissed because N Co. lacked standing to challenge
  the foreclosure judgment on appeal: because N Co. was divested of its
  ownership interest in the property by the time the judgment of foreclo-
  sure by sale was rendered, it did not have a specific personal and legal
  interest in the transfer of title to the property through the foreclosure
  sale, and, even if the foreclosure sale proceeds were insufficient to
  satisfy N Co.'s alleged tax obligations, the plaintiff could not pursue a
  deficiency judgment against N Co.; moreover, because N Co. lacked
  standing, it would not suffer any collateral consequences from the fore-
  closure judgment, and, therefore, was not aggrieved by the judgment
  because the plaintiff could not use the judgment as a basis for invoking
  the doctrine of collateral estoppel to preclude N Co. from relitigating
  any issues resolved by the judgment, including its alleged tax liabilities.

Considered October 6, 2021—officially released February 22, 2022

*Procedural History*

Action to foreclose municipal tax liens on certain
real property, and for other relief, brought to the Supe-
rior Court in the judicial district of Fairfield, where the
defendant Rose-Tiso & Co., LLC, et al. were defaulted
for failure to appear; thereafter, the court, *Spader, J.*,
granted the plaintiff's motion for summary judgment as
to liability; subsequently, the court, *Stevens, J.*, ren-
dered judgment of foreclosure by sale, from which the
named defendant appealed to this court; subsequently,
the plaintiff moved to dismiss the appeal. *Motion
granted*; *appeal dismissed.*

*Bryan L. LeClerc*, in support of the motion.

*Kenneth A. Votre*, in opposition to the motion.

*Opinion*

CLARK, J. This is an appeal by the defendant 500 North Avenue, LLC,[1] from a judgment of foreclosure rendered in favor of the plaintiff, the town of Stratford. The plaintiff has moved to dismiss the appeal for lack of subject matter jurisdiction on the ground that the defendant lacks standing to maintain the appeal because it no longer owns the property at issue and, therefore, is not aggrieved by the judgment. Although the defendant concedes that it has no ownership interest in the property, it opposes the motion on the ground that it is aggrieved by the possible collateral consequences of the judgment. Specifically, the defendant argues that the judgment establishes its underlying tax obligations to the plaintiff and could be used by the plaintiff to establish the defendant's liability in a future, independent action by the plaintiff to collect unpaid taxes not satisfied by a judgment in this case. For the reasons that follow, we conclude that the defendant is not aggrieved by the judgment and, therefore, lacks standing to pursue this appeal. As a result, we grant the motion to dismiss and dismiss the appeal for lack of subject matter jurisdiction.

On May 29, 2019, the plaintiff commenced this action pursuant to General Statutes § 12-181[2] against the defendant and others to foreclose seven municipal tax liens assessed against certain real property located in Stratford (property). The property had been owned by the defendant until shortly before the action was commenced. The parties agree that title to the property vested in JRB Holding Co., LLC (JRB Holding), prior to the commencement of the present case.[3] The plaintiff filed a revised complaint on October 3, 2019, and the defendant filed an answer and special defenses on November 15, 2019.

In June, 2020, the plaintiff filed a motion for summary judgment as to liability against the defendant and JRB Holding. The defendant objected, and, on October 20, 2020, the trial court, *Spader, J.*, granted the plaintiff's motion for summary judgment. On November 5, 2020, the court denied the defendant's motion to reargue the decision granting the motion for summary judgment.

The plaintiff then moved for a judgment of strict foreclosure. Two defendants who are not parties to the present appeal, Mamie M. Colacurcio and Roger K. Colacurcio, moved for a judgment of foreclosure by sale, on the grounds that there was substantial equity in the property and because the United States was a party to the action. See 28 U.S.C. § 2410 (c) (2018) ("an action to foreclose a mortgage or other lien, naming the United States as a party under this section, must seek judicial sale"). On August 2, 2021, the trial court, *Stevens, J.*, rendered a judgment of foreclosure by sale. The court found the amount of the debt to be

$179,293.32 and the fair market value of the property to be $500,000, and ordered the foreclosure sale to take place on October 16, 2021. The defendant filed the present appeal on August 19, 2021, challenging the judgment of foreclosure by sale. The plaintiff moved to dismiss this appeal on August 30, 2021, and the defendant objected.[4]

In its motion to dismiss, the plaintiff argues that the defendant lacks standing to bring this appeal because it is not aggrieved by the judgment of foreclosure by sale. Specifically, the plaintiff contends that the defendant has no interest in the property, and that, if a deficiency exists after the foreclosure sale, the plaintiff may not pursue a deficiency judgment against the defendant. The defendant counters that it is aggrieved because the judgment establishes its tax liability to the plaintiff and would operate to collaterally estop it from contesting that liability in any future, independent action brought by the plaintiff pursuant to General Statutes § 12-161.[5] For the reasons that follow, we conclude that the defendant is not aggrieved by the judgment.

"A threshold inquiry of this court upon every appeal presented to it is the question of appellate jurisdiction. . . . It is well established that the subject matter jurisdiction of the Appellate Court and of [our Supreme Court] is governed by [General Statutes] § 52-263, which provides that an aggrieved party may appeal to the court having jurisdiction from the final judgment of the court. . . . [O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case. . . . If it becomes apparent to the court that such jurisdiction is lacking, the appeal must be dismissed." (Citation omitted; emphasis omitted; internal quotation marks omitted.) *Trumbull* v. *Palmer*, 123 Conn. App. 244, 249–50, 1 A.3d 1121, cert. denied, 299 Conn. 907, 10 A.3d 526 (2010).

"Standing is established by showing that the party . . . is authorized by statute to bring an action, in other words statutorily aggrieved, or is classically aggrieved. . . . The fundamental test for determining [classical] aggrievement encompasses a well-settled twofold determination: [F]irst, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in [the challenged action], as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the [challenged action]." (Internal quotation marks omitted.) *Cimmino* v. *Household Realty Corp.*, 104 Conn. App. 392, 395, 933 A.2d 1226 (2007), cert. denied, 285 Conn. 912, 943 A.3d 470 (2008).

Because the defendant was divested of its ownership interest in the property at the time the judgment of foreclosure by sale was rendered, it did not have a specific personal and legal interest in the transfer of title to the property through the foreclosure sale. See *Trumbull* v. *Palmer*, supra, 123 Conn. App. 251–53 (proposed intervenor who had no interest in property lacked direct and substantial interest in subject matter of foreclosure litigation). Moreover, even if the foreclosure sale proceeds are insufficient to satisfy the full amount of the defendant's alleged tax obligations, the plaintiff may not pursue a deficiency judgment against the defendant in the present action pursuant to General Statutes § 49-14. See *Winchester* v. *Northwest Associates*, 255 Conn. 379, 386–87, 767 A.2d 687 (2001).

As the defendant correctly observes, however, the plaintiff conceivably could pursue an independent action against it pursuant to § 12-161 to recover any unpaid taxes for the years during which the defendant owned the property, if the foreclosure sale fails to generate sufficient proceeds to satisfy all of those alleged tax liabilities; see id., 387–88 ("a plaintiff who forecloses on a tax lien is not without a remedy to recover the balance of any taxes owed by a defendant: the plaintiff is free to commence a second action against the defendant for that purpose"); and the liens are not extinguished by virtue of the plaintiff obtaining title to the property. Cf. *American Tax Funding, LLC* v. *First Eagle Corp.*, 196 Conn. App. 298, 306, 229 A.3d 1218 (assignee of tax liens lost right to collect liens upon taking title to property), cert. denied, 335 Conn. 942, 237 A.3d 729 (2020). The defendant argues that it is therefore aggrieved by the judgment in the present case because the judgment establishes its liability to the plaintiff with respect to its outstanding tax obligations and could have collateral consequences in any future, independent action to collect that debt pursuant to § 12-161. Specifically, the defendant argues that the plaintiff could use the judgment in the present case to invoke the doctrine of collateral estoppel in any such action to preclude it from contesting the liability that it seeks to challenge in the present appeal. We are not persuaded.

Our Supreme Court has adopted the view expressed in § 28 (1) of the Restatement (Second) of Judgments that, "[a]lthough an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded [when the] party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action . . . ." (Internal quotation marks omitted.) *Water Pollution Control Authority* v. *Keeney*, 234 Conn. 488, 494–95, 662 A.2d 124 (1995); see also *Commissioner of Motor Vehicles* v. *DeMilo & Co.*, 233 Conn. 254, 268–69, 659

A.2d 148 (1995); *Iacurci* v. *Wells*, 108 Conn. App. 274, 281, 947 A.2d 1034 (2008). Because the defendant has no ownership interest in the property, it lacks standing to appeal the judgment of foreclosure by sale and consequently may not, as a matter of law, obtain judicial review of that judgment. The plaintiff, therefore, could not use the foreclosure judgment as a basis for invoking the doctrine of collateral estoppel to preclude the defendant from relitigating any issues resolved by the foreclosure judgment, including the defendant's alleged tax liabilities, in a subsequent action brought pursuant to § 12-161. Accordingly, the defendant is not aggrieved by the judgment in the present case because it will not suffer any collateral consequences from it.

As a result, we conclude that, because the defendant is not aggrieved by the judgment, it lacks standing to pursue this appeal.

The plaintiff's motion to dismiss the appeal is granted, and the appeal is dismissed.

In this opinion the other judges concurred.

[1] The complaint also named as defendants Roger K. Colacurcio; Mamie M. Colacurcio; American Tax Funding, LLC; Albina Pires; Dahill Donofrio; Joseph Regensburger; Robin Cummings; Red Buff Rita, Inc.; EBay Wanted, Inc.; United States of America, Department of the Treasury—Internal Revenue Service; As Peleus, LLC; Rose-Tiso & Co., LLC; and JRB Holding Co., LLC.

This appeal was filed only by the defendant 500 North Avenue, LLC. All references herein to the defendant are to 500 North Avenue, LLC.

[2] General Statutes § 12-181 provides in relevant part: "The tax collector of any municipality may bring suit for the foreclosure of tax liens in the name of the municipality by which the tax was laid . . . ."

[3] The parties do not specify in their submissions to this court how JRB Holding obtained title to the property. It appears that the defendant was divested of its title to the property on May 28, 2019, by a judgment of strict foreclosure rendered in a separate action to foreclose a mechanic's lien on the property. *Rose-Tiso & Co.*, *LLC* v. *500 North Avenue*, *LLC*, Superior Court, judicial district of Fairfield, Docket No. CV-18-6081558-S (April 8, 2019). The original plaintiff in that case, Rose-Tiso & Co., LLC, asserted that it assigned its mechanic's lien to JRB Holding by an assignment dated February 5, 2019, and the trial court granted a motion to substitute JRB Holding as the plaintiff on the same day that it rendered the judgment of strict foreclosure.

[4] The present appeal was filed solely by the defendant. After the plaintiff filed its motion to dismiss this appeal, the defendant and JRB Holding filed a "motion to change party designation," in which they sought to add JRB Holding as an appellant in this appeal. In a separate order issued simultaneously with this opinion, this court denied that motion without prejudice to JRB Holding filing within twenty days a motion for permission to file a late appeal. See Practice Book § 60-2 (5).

[5] General Statutes § 12-161 provides: "All taxes properly assessed shall become a debt due from the person, persons or corporation against whom they are respectively assessed to the town, city, district or community in whose favor they are assessed, and may be, in addition to the other remedies provided by law, recovered by any proper action in the name of the community in whose favor they are assessed."